Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of FRANK BURGI, Respondent, for Compensation under the Workmen's Compensation Law, v. JACOB HOFFMANN BREWING COMPANY, Employer, and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

Workmen's Compensation Law — notice of injury not given — knowledge of accident by employer not shown — award reversed and matter remitted for further proof.

Where the claimant was injured by slipping and falling while going across the street from one of his employer's buildings to another in the course of his employment, and notice of the injury was not given by the claimant, knowledge on the part of the employer of the accident was not shown by testimony of the employer's foreman that the claimant told him " When I come to work this morning, I fell in the middle of the street, and I can't work."

But as the undisputed proof establishes that the claimant received his injury, not while going to work but in the course of it, the award will be reversed and the matter remitted to the Industrial Board to take further proof.

APPEAL by the defendants, Jacob Hoffman Brewing Company and another, from a decision and award of the State Industrial Board, entered in the office of said Commission on the 31st day of March, 1921.

*Fitch & Grant* [*Grant C. Fox* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondent Industrial Board.

*S. John Block* [*Maurice Leffert* of counsel], for the claimant, respondent.

H. T. KELLOGG, J.:

The employer occupied a plant consisting of buildings on opposite sides of the same street. In one of the buildings he maintained a stable with stalls for twenty-eight horses. In the building opposite there was a toilet set aside for the use of employees. The claimant was employed to work in the stable. On the day of the accident he came to his work at four in the morning, and, after cleaning twenty-five of the stalls, left his work to go across the street to the toilet. In the course of his journey he slipped and fell upon the street with the result that he injured his arm. He failed to give written notice of the accident causing the injury. The Industrial Board excused this failure on the ground that the foreman of the claimant had knowledge of the accident. The foreman testified that the claimant said to him early that morning: "When I come

to work this morning, I fell in the middle of the street, and I can't work." If the foreman told the literal truth the information which he received advised him of an accident which did not occur in the course of the employment. That would not constitute knowledge of the claim for which the award was granted. The undisputed proof establishes that the claimant received his injury not while coming to work but in the course of it. It is highly improbable, therefore, that the information given by him to the foreman was of an accident otherwise occurring. The claimant seemed to prefer to surrender his claim rather than to answer questions and give testimony which would save it. He failed to testify to the probable fact that he told the foreman of an injury received while crossing the street after his work began. We think the case should be returned to the Industrial Board to give the claimant further opportunity to establish a claim which from every indication would appear to be just and honest.

The award is reversed and the claim remitted to the Industrial Board for further action.

All concur.

Award reversed and matter remitted to the State Industrial Board for further proof, with costs to appellants to abide event.