369 P.2d 774

**L. H. LANGLEY, Plaintiff-Appellant,**

v.

**NAVAJO FREIGHT LINES, INC., and Transport Indemnity Co., Defendants-Appellees.**

No. 7010.

Supreme Court of New Mexico.

Jan. 24, 1962.

Rehearing Denied April 3, 1962.

Inc., filed claim under the Workmen's Compensation Act for injuries received on May 16, 1960. By answer, appellees affirmatively alleged that appellant at no time gave written notice of any accident and/or resultant injury, and that no superintendent or foreman, or other agent in charge of the work in connection with which the accident occurred, had actual knowledge of its occurrence as provided by § 59–10–13.4, N.M. S.A., 1953 Comp.

The case was tried by the district court without a jury, who found for appellees and entered judgment dismissing the claim. This appeal followed.

The trial court found that appellant did not give notice in writing to appellee-employer, Navajo Freight Lines, Inc., within sixty days after the occurrence of the accident, and that the appellant was not prevented by any reason of his alleged injury, or by any other cause beyond his control, from giving such notice within the time provided.

Wm. W. Osborn, Roswell, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

CHAVEZ, Justice.

Plaintiff-appellant, L. H. Langley, an employee of appellee, Navajo Freight Lines, Appellant, an employee of Navajo Freight Lines, Inc., at Roswell, New Mexico, suffered an injury to his back while lifting a bundle of pipe on May 16, 1960. Appellant, although feeling pain in his back, felt it was a pulled muscle and thought that it would get well. He had the same sensation before and each time it would go away. He continued working as

dock foreman until June 21, 1960, when he consulted Dr. C. D. Kaiser of Roswell. Appellant was given a conservative treatment to try to relieve pain and hospitalized on June 26, 1960. At the hospital he was treated by traction and medication and released on July 1, 1960. Appellant returned to work on July 5, 1960, and worked until September 16, 1960. Due to his injury, appellant was unable to work from September 16, 1960 to January 21, 1961. During the above period appellant saw Dr. Kaiser and underwent surgery by Dr. W. A. Jones, a neuro-surgeon at El Paso, Texas. On January 23, 1961, appellant was reemployed by Navajo Freight Lines, Inc. at a lower rate than what he was receiving at the time of the injury, with a permanent disability of 10% of the body as a whole.

W. E. Nelson, the terminal manager for Navajo Freight Lines, Inc. at Roswell, was the immediate superior of appellant. Nelson visited appellant at the hospital on June 27 or 28, 1960, at which time appellant told Nelson that it was not an old injury. Nelson's information as to the injury at the time that he visited appellant at the hospital was the appellant's back was hurting him.

Appellant was injured in a truck-railroad-train accident in 1947, but fully recovered from this injury and was gainfully employed continuously as a truck driver and dock foreman from September 21, 1957, to the time of the injury sustained on May 16, 1960.

Appellant received an insurance form or statement of claim in triplicate for group insurance from the Truck Drivers' Union. Appellant first took the forms which were in blank to Dr. C. D. Kaiser who filled in the attending physician's statement and signed the same on July 7, 1960. On July 13, 1960, appellant filled in the part to be completed by the employee and also signed the form. On the morning of July 13, 1960, appellant took the forms to W. E. Nelson, and left them on his desk. Nelson filled in the part to be completed by the employer, signed each of the three forms, and returned them to appellant at the close of the working day on July 13, 1960. Appellant "guessed" that the forms were notice to Navajo Freight Lines, Inc.

Dr. Kaiser, in his statement, set out that the injury was a "lumbrosacral strain and disc syndrome," stated the dates of treatment at his office and at the hospital, and that the injury arose out of appellant's employment.

Appellant stated in the part completed by him that the disability was a "ruptured disc." He described how the injury occurred and set out that the injury occurred on the job. By mistake, appellant wrote that the injury occurred on June 16, 1960, whereas it actually occurred on May 16, 1960.

Appellant asserts three points upon which he relies for reversal:

I. The court erred in denying plaintiff's requested finding of fact No. 1, concerning the latent and disabling nature of the injury.

II. The court erred in denying plaintiff's requested findings of fact Nos. 2, 3 and 4, concerning written and actual knowledge of plaintiff's injury.

III. The court erred in denying plaintiff's requested finding of fact No. 5, concerning the liquidated sum stipulated as recoverable by the plaintiff, and the attorney fees to be allowed to plaintiff's attorney.

We will discuss points I and II together. Section 59–10–13.4, N.M.S.A., 1953 Comp., provides:

"59–10–13.4. Notice to employer.— A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty [60] days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

The parties stipulated as follows:

1. That at the time of the injury complained of appellant was employed as a dock foreman by Navajo Freight Lines, Inc. at wages in excess of $100 per week.

2. That appellant's employment was covered by the Workmen's Compensation Act.

3. That the total time lost from work due to appellant's injury was twenty weeks.

4. That the medical reports of W. A. Jones, M. D., neuro-surgeon of El Paso, Texas, would be admitted in evidence at the trial.

5. That the total medical expenses of appellant due to this injury and treatment thereof were $1425.28.

6. That the liquidated damages of appellant, according to the stipulation hereinbefore referred to, appear in the requested findings of fact of appellant as follows:

(a) Payment for total temporary disability—$760;

(b) Payment for medical expenses— $1425.28;

(c) Payment for 10% partial permanent disability—$1900; total—$4085.28.

7. The total attorney fees requested were $1395.

The evidence is undisputed that appellant suffered his back injury on May 16, 1960, during the course of his employment. He thought it was a pulled muscle and would get well. Appellant had previously had the same sensation several times and each time the pain went away. He continued working until June 21, 1960, when he saw Dr. Kaiser. · Dr. Kaiser testified that appellant had radiation of pain in his back and down in his right leg. Appellant was given conservative treatment to relieve pain and to try to relax the muscle spasm. Appellant was hospitalized on June 26, 1960, was discharged on July 1, 1960, and was to return to work on July 5, 1960, which he did.

■ The first time that it became apparent to appellant that he had suffered a compensable injury was on June 21, 1960. Thus the period for giving notice began to run from the time that appellant knew, or by the exercise of reasonable diligence should have known, that he had sustained an injury by accident in the course of his employment. Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680; Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873.

■ The next question we must determine is whether appellant gave the employer written notice of the accident and injury within thirty days from the date of the discovery of the compensable injury. We answer this question in the affirmative.

The form or statement of claim, plaintiff's exhibit No. 2, filled in and signed by Dr. C. D. Kaiser, shows that appellant's injury was a "disc syndrome," and that the injury arose out of appellant's employment. It also shows that appellant received treatments on June 21, 22, 23, 25 at Dr. Kaiser's office, and received treatments at the hospital on June 26, 27, 28, 29, 30 and July 1. Dr. Kaiser signed the statement on July 7, 1960. Appellant completed part I of the statement of claim, setting out that the disability was due to appellant's occupation. To the question on the form—"Where did the injury occur," appellant filled in—"on job." To the question—"Describe the injury. Tell how it happened." Appellant wrote in "unloading freight, picked up piece of steel pipe." Appellant, by mistake, stated that the injury occurred on June 16, 1960, whereas it occurred on May 16, 1960.

On the early morning of July 13, 1960, appellant left the statement of claim, plaintiff's exhibit No. 2, on the desk of W. E. Nelson, the terminal manager, who filled in part II, the part to be completed by the employer. Nelson wrote in that appellant was employed on September 3, 1957, and that when the disability occurred appellant was a permanent employee. Nelson recommended payment of the claim; that appellant's

occupation was dock foreman; that the first full day appellant was unable to work was on June 22, 1960, and that he resumed work on July 5, 1960. Nelson then set out the name and address of employer, Navajo Freight Lines, Inc., Roswell, New Mexico, and signed the same on July 13, 1960. All statements were written in by each of the respective parties, in their own handwriting, and in triplicate.

Appellees concede that there are no comparable facts to the case before us in any of our decisions. They cite Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, wherein we held that a casual statement of injury is not sufficient. Appellees also say that if the case is reversed it would be contrary to our holdings in Bolton v. Murdock, 62 N.M. 211, 307 P.2d 794; Copeland v. Black, 65 N.M. 214, 334 P.2d 1116; Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473; Gallegos v. George A. Rutherford, Inc., 67 N.M. 459, 357 P.2d 50.

We cannot agree with appellees. In Gallegos v. Rutherford, supra, we held that notice of a latent injury was required, and due to the workman's failure to timely give notice after the latent character of the injury became obvious, the claim was barred. Citing Montell v. Orndorff, supra, and other cases.

In the case before us the latent character of the injury became obvious on June 21, 1960, when appellant was examined by Dr. Kaiser. On July 13, 1960, appellant placed the insurance form or statement of claim on W. E. Nelson's desk. This statement, filled out by appellant, shows clearly on its face that appellant's injury occurred on the job while lifting some steel, and arose out of appellant's employment.

Viewing all of the circumstances and evidence in this case, and following our rule that the Workmen's Compensation Act is remedial in character and should be liberally construed, we hold that the statement of claim, or insurance form, appellant's exhibit No. 2, with all of its contents, and signed by W. E. Nelson, constituted written notice to Navajo Freight Lines, Inc., of the injury within thirty days from the date that appellant discovered that he had suffered a compensable injury.

The judgment of the district court is reversed and remanded with instructions to set aside the order of dismissal and enter judgment for appellant in the total sum of $4085.28, and attorney's fees for appellant's attorney in the district court in the sum of $1395.00. Attorney's fees for appellant's attorney on this appeal are allowed in the sum of $500.

It Is So Ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.