389 P.2d 616

**Joe A. HIGGINS, Plaintiff-Appellant,**

v.

**BOARD OF DIRECTORS OF the NEW MEX-ICO STATE HOSPITAL, Employer and Standard Accident Insurance Company of Detroit, Michigan, Insurer, Defendants-Appellees.**

**No. 7347.**

Supreme Court of New Mexico.

Feb. 17, 1964.

Donald A. Martinez, Las Vegas, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an appeal from a judgment of the District Court of San Miguel County dismissing the plaintiff's claim for workmen's compensation benefits, and the decisive question is whether the employer had actual knowledge of the occurrence resulting in a compensable injury.

Appellant alleged total and permanent disability as the result of a back injury suffered by him in the course of his employment as a cook at the New Mexico State Hospital at Las Vegas, New Mexico. The claim against the Board of Directors of the hospital was dismissed on its plea of immunity. Issue was joined by answer of the appellee insurance company which denied the allegations of the claim and alleged failure to give notice as required by our Workmen's Compensation Act, § 59–10–13.4, N.M.S.A., 1953 Comp. The court found, among others, that no notice of the claimed injury was given to the employer and that the employer did not have actual knowledge of the occurrence.

The appellant challenges the sufficiency of the evidence to support the findings, and, in addition, asserts that the decision of the court is based on an erroneous interpretation of the law, both as to what satisfies the notice requirement and as to what constitutes actual knowledge under the Workmen's Compensation Act.

It is conceded by the appellant that a failure to give the notice as required by § 59–10–13.4, supra, bars a claim for, or the recovery of, compensation, § 59–10–13.6, N.M.S.A., 1953 Comp.; Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473; Copeland v. Black, 65 N.M. 214, 334 P.2d 1116. Thus, consideration is first given to the point relating to notice.

Section 59–10–13.4, supra, provides:

"A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty (30) days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty (60) days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

It is not contended here that written notice was given, but that the appellant's

supervisors had actual knowledge of the occurrence of the accident and of the injury. The facts bearing upon the question of notice and actual knowledge are that on Monday, September 14, 1959, while lifting heavy cases of canned goods in the course of his employment, the appellant felt his back "crack" and had difficulty straightening up. He informed two fellow employees as to what had occurred and one of whom came to his assistance. He completed his day's work and at home applied a heat plaster to his back. Tuesday was his day off. Upon returning to work on Wednesday he complained of the pain in his back to Mr. Kight, his immediate supervisor, and although appellant testified that he then informed Mr. Kight of what had occurred, Mr. Kight in his testimony denied that he had done so. He also testified that he told Kight that he had applied a heat plaster. Thereafter, during the next two or three months, because of intermittent pain in his back and legs of which he frequently complained, the appellant went to and was treated by a local doctor, by a dentist and, at the suggestion of Mrs. Murray, the head supervisor, he was treated by the staff doctor at the state hospital. In early January, 1960, on the recommendation of Mr. Kight, the appellant saw an orthopedic surgeon in Santa Fe. On January 30th, he was hospitalized for tests and examinations. On February 9th, as a result of exploratory surgery, a ruptured disc was discovered and a spinal fusion was performed. The appellant was discharged from the hospital on February 18th, and at the time was wearing a back brace for support. On March 4, 1960, he returned to work at the state hospital. During his time away from work, from January 30 to March 4, 1960, he was paid by the state on account of accumulated sick leave and vacation time. There were no accident or other reports made by the state hospital, nor were there any payments made to appellant as compensation or for medical and hospital expenses. Subsequently, on March 28, 1960, the claim for compensation was filed.

■ Assuming without deciding that the facts were sufficient to charge the employer with actual knowledge of the accident and injury, the evidence is conflicting. Supporting appellee's position, the supervisors emphatically denied that appellant had ever told them of the occurrence of the injury, or that they had any knowledge that he was claiming that his back and leg difficulties were the result of an accident or injury connected with his employment until sometime in January, 1960. We deem the appellee's evidence substantial and, the trial court having resolved the conflict in favor of appellee, we are bound thereby. Daulton v. Laughlin Bros. Drilling Co., 1963, 73 N. M. 232, 387 P.2d 336; Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374; Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; Winter v. Roberson Construction Co.,

70 N.M. 187, 372 P.2d 381; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349.

Nevertheless, the appellant appears to take the position that the court erroneously interpreted the law as to what satisfies the statutory requirement of actual knowledge. He urges that under the facts and circumstances shown, the employer had knowledge or informal notice of a compensable injury, thus meeting the requirements of "actual knowledge" under our holdings in Lozano v. Archer, 71 N.M. 175, 376 P.2d 963 and Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572. The cases do not support his position. In both cases the court found immediate verbal reports of the accidents and injuries to have been made. In addition, in Lozano v. Archer, supra, the claimant was immediately sent by the employer's manager to a doctor for examination and treatment, and the employer acknowledged that he received notice of the injuries. In Elsea v. Broome Furniture Co., supra, where the claimant sustained three separate accidents, the president and manager of employer company was notified immediately of the first accident and the claimant was sent by him to a doctor employed by the insurer company. He either witnessed or was advised immediately of the second accident and its resulting injury. He witnessed the third accident and discussed its circumstances and the alleged injuries with the claimant shortly thereafter.

In Winter v. Roberson Construction Co., supra, it was undisputed that the claimant verbally reported to his supervisor a twisted shoulder, but there was the additional fact that he was given a "medical introduction slip" to a doctor for treatment for a work-connected injury, and within 30 days was called in and gave employer a detailed written report of the occurrence.

In Daulton v. Laughlin Bros. Drilling Co., supra, we reiterated our definition of "actual knowledge" as stated in Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, that:

"Our statute requires actual knowledge on the part of the employer, 'or any superintendent or foreman or other agent in charge of the work in connection with (which) such injury occurred,' before written notice is to be dispensed with. Notice in casual conversation is insufficient * * * It is not enough for one to say he is injured and even show the injured limb without some showing that notice was given or that the employer had *actual knowledge* of what caused it. * * *

"This knowledge which the statute requires means 'more than just putting upon inquiry and involves more than knowledge of the mere happening of an accident.' * * * And the knowledge which the employer must have to excuse a formal notice is of a compensable injury. * * *"

■ The appellant urges that the court erred in refusing to conclude that appellee is estopped from claiming lack of notice on the basis of evidence that the treatment room clerk at the state hospital failed to make reports of appellant's treatments by the staff physician, and the supervisors' failure to make an accident report of the accident and injury. We think the lack of any report only strengthens appellee's position. The evidence discloses that the staff physician was authorized to treat employees for nonemployment-connected ailments as well as for on-the-job injuries, and there is nothing to indicate that such a report would have been more than an "incident" report.

■ Finally appellant suggests that the injury was latent and that timely notice of a latent injury was given. In this respect it is enough to say that a latent injury was neither alleged nor considered by the trial court; the question is not before us. Supreme Court Rule 20, subdivision 1; Davis v. Severson, 71 N.M. 480, 379 P.2d 774; Fullerton v. Kaune, 72 N.M. 201, 382 P.2d 529.

■ Having concluded that the findings of the trial court are supported by substantial evidence, it was not error to deny requested findings to the contrary. Bogle v. Potter, 72 N.M. 99, 380 P.2d 839. The conclusion reached disposes of other points raised.

The judgment below is affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.