389 P.2d 594

John T. WILSON, Plaintiff-Appellant,

v.

NAVAJO FREIGHT LINES, INC., Employer,
and Transport Indemnity Company, In-
surer, Defendants-Appellees.

No. 7352.

Supreme Court of New Mexico.

Feb. 17, 1964.

Schall, Sceresse, Underwood & Brown, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

MOISE, Justice.

From a judgment denying plaintiff-appellant medical and hospital benefits under the workmen's compensation act this appeal is prosecuted. Recovery was denied on the ground that plaintiff had failed to give notice in writing to his employer of the accident and injury within thirty days after the same occurred, it being further determined that neither plaintiff's employer, superintendent or foreman had actual knowledge of the occurrence so as to excuse written notice.

Plaintiff was a long haul driver for defendant. On December 7, 1960, while he was on a trip for defendant as a driver of a truck along with another driver, plaintiff suffered a heart attack in Cameron, Missouri, requiring his hospitalization there for some 35 days, after which he was returned to Albuquerque by airplane, the ticket having been arranged by the employer.

Admittedly, no written notice was given within 30 days after the heart attack occurred. Unquestionably, defendant's superiors in Albuquerque had knowledge of plaintiff's hospitalization very shortly after the occurrence. Did this amount to such knowledge as to relieve plaintiff of the obligation to give written notice within 30 days?

The pertinent statute is § 59-10-13.4, N.M.S.A.1953, which reads:

"A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later then sixty [60] days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

Difficulty in applying our statute is encountered by virtue. of the requirement (1) that the notice be in writing; and (2)

that it must be not only of the injury, but also of the accident. Likewise, to excuse the notice, there must be knowledge of the "occurrence" by a superior in charge of the work. The "occurrence" can mean nothing but the "accident" when considered in the context in which it appears in § 59–10–13.4 (B), quoted above. In this regard the statute differs from its form prior to its amendment by § 8, Ch. 67, N.M.S.L.1959, which changed the word "injury" to "accident" in § 59–10–13.4(B), quoted above. To our minds the change was a significant one. This is what Professor Larson denominates an "accident-type statute" in his work on Workmen's Compensation Law, and which he further states is wrong and should be changed. (§ 78.42(c)). In § 78.42(d) he points out that the remedy is through legislative amendment, absent which most courts have found no alternative but to apply the statute literally. See also, § 78.42(b).

We have been called upon to interpret the notice section of our statute in a number of cases. Our first decision discussing what constitutes "actual knowledge" of the occurrence of the injury is Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, where we said the following:

"* * * Notice in casual conversation is insufficient. Herbert v. [Lake Shore] L. S., etc., Ry. Co., 200 Mich. 566, 166 N.W. 923. It is not enough for one to say he is injured and even show the injured limb without some showing that notice was given or that the employer had *actual knowledge* of what caused it. Norman Steam Laundry v. State Industrial Comm., 160 Okl. 107, 16 P.2d 92."

The last occasion we had to cite Ogletree v. Jones, supra, and quote the foregoing language was in the recent case of Daulton v. Laughlin Bros. Drilling Company, 73 N. M. 232, 387 P.2d 336, decided December 2, 1963. We have adhered strictly to the rule as first announced in Ogletree v. Jones, supra, and since the amendment noted above requiring the knowledge to be of the "accident" rather than of the "injury," the conclusion there reached is made more convincing. Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, relied upon heavily by plaintiff, is no departure from the doctrine of Ogletree v. Jones, supra. The employer there had immediate knowledge not only of the accident, but also of the injury.

Plaintiff's superiors, being defendant's superintendent, foreman or dispatcher, knew plaintiff was hospitalized, and although no finding was made by the court as to whether or not they knew that plaintiff's hospitalization resulted from a heart attack, we may assume they did. Be this as it may, in Ogletree v. Jones, supra, we adopted language saying, " 'Mere notice to the employer that the employee became sick while at work cannot be considered "actual notice of in-

jury" within the provisions of the act excusing notice.'" What more is present here? Defendant may be charged with knowledge that plaintiff became sick while performing his duties as a truck driver; even that he had a heart condition, and that his sickness and hospitalization resulted from a heart attack. Still, there is nothing more than the employer's knowledge that the workman became sick while at work, stated in Ogletree v. Jones, supra, to be insufficient to excuse written notice.

■ This is true even though under certain circumstances we have recognized that "accident" and "injury" may not be separable. Webb v. New Mexico Pub. Co., 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002. In Sanchez v. Board of County Commissioners, 63 N.M. 85, 313 P.2d 1055, we held that under certain circumstances heart attacks suffered in the course of employment as a result of exertion could be classed as compensable accidental injuries. However, we have also recognized that every heart attack which occurs to a person while on the job is not accidental and compensable, and that to establish a right to compensation there must be a finding of a causal connection between the work and the heart attack supported by substantial evidence. See Yates v. Matthews, 71 N.M. 451, 379 P.2d 441, affirming a lower court judgment finding no causal connection, and Williams v. Skousen Construction Company, 73 N.M.

271, 387 P.2d 590, 1963, affirming a lower court judgment finding a causal connection. To here determine that notice of a heart attack which occurred on the job is knowledge of an accident, or even of an injury, would be to our minds stretching the facts beyond recognition, and would be a departure from our prior decisions.

Plaintiff would avoid the bar of the statute resulting from his failure to give notice as required by § 59–10–13.4(A), supra, if not excused under § 59–10–13.4(B), supra, by recourse to § 59–10–28, N.M.S.A.1953, which reads:

"No claim for compensation under the Workmen's Compensation Act [59–10–1 to 59–10–37], as it now provides or as it may hereafter be amended, shall be barred prior to the filing of such report or within thirty (30) days thereafter, Provided, however, that this section shall not be construed to shorten the time now provided for filing such claims with the district court."

■ In Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909, we held that a claimant who had failed to file his claim in court within the time provided by statute could not avoid the bar of the statute because the employer had not filed a report with the labor commissioner of a compensable injury in circumstances where the employer had no knowledge or reason to believe that a compensable injury had oc-

curred. We see no difference between the situation resulting from failure to file suit within the statutory time and failure to give timely notice where giving such notice is not excused. Under the authority of Sanchez v. Bernalillo County, supra, this point is ruled against plaintiff. True, the statute specifically states that the time for filing claims is not shortened thereby. This must have been inserted to eliminate any question of whether the section would have that effect. Reason tells us that the statute cannot be construed to alter the notice statute where, absent written notice or knowledge excusing written notice, the employer would have nothing to report to the labor commissioner. Any different interpretation would tend to nullify the notice statute (§ 59–10–13.4, N.M.S.A.1953).

On oral argument plaintiff suggests that the fact that plaintiff was hospitalized under the facts here present should excuse giving the thirty days notice. He also argues that § 59–10–13.4, N.M.S.A.1953, should not apply where only medical benefits are being sought. Neither of these contentions were made to the court below, nor were they argued in the briefs. Accordingly, they are not properly before us, and we decline to pass upon them. Compare Davis v. Severson, 71 N.M. 480, 379 P.2d 774.

Attorney fees in the trial court and here are also sought. However, not having established any right to benefits under the compensation act, plaintiff is not entitled to an award for attorney fees. Utter v. Marsh Sales Company, Inc., 71 N.M. 335, 378 P.2d 374.

The judgment appealed from is affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.