401 P.2d 583

**Tony SANCHEZ, Plaintiff-Appellee,**

**v.**

**CITY OF ALBUQUERQUE, a Municipal corporation, Defendant-Appellant.**

**No. 7541.**

Supreme Court of New Mexico.

April 26, 1965.

Frank L. Horan, Threet, Threet, Glass & King, Albuquerque, for appellant.

Smith, Kiker & Ransom, Albuquerque, for appellee.

CARMODY, Chief Justice.

The city appeals from an award of partial permanent disability in the amount of 70% in favor of appellee Sanchez.

Summarizing the facts found by the trial court, it appears that from 1948 to January 1, 1962, Sanchez was employed as a fire truck driver by the city; that over an indefinite period prior to December 28, 1961, the workman sustained a gradual progressive injury consisting of loss of hearing (total and permanent loss to the left ear and 38% permanent loss to the right ear), an anxiety state and high blood pressure with resulting nervousness, vertigo, dizziness and severe headaches; that the injury was a natural and direct result of an accident or accidents arising out of and in the course of his employment; that the accidental injury progressed to compensability on December 28, 1961, when claimant consulted Dr. McCullough; and on January 9, 1962, a notice was given to the fire chief from the doctor that the workman was suffering from a compensable injury. The court also found "that on or about January 9, 1962, and within 30 days of December 28, 1961, the time at which plaintiff Tony Sanchez first knew or should have known by the exercise of reasonable diligence that he was suffering any compensable injury by accident in the course of his employment, defendant City of Albuquerque had actual knowledge of the accident and injury." Another finding which was pertinent was to the effect that the claimant had suffered and will continue to suffer "a loss of his wage-earning ability, and is 70% partially and permanently disabled * * *." The court also made a finding that the claimant's disability as a medical probability was the natural and direct result of an accident or accidents arising out of and in the course of his employment, although his disability might be attributable in part to physical conditions existing prior to any accident or accidents.

The city relies on two points for reversal, which we will discuss in the order presented.

First, the city claims that the court erred in refusing to conclude that the plaintiff

had not established a claim upon which relief could be granted. As nearly as we can understand the city's assertion, it is that there was no showing of any average weekly wage after disability, that there is no evidence of any such wage, and that therefore, under the provisions of § 59–10–18.3, N.M.S.A.1953, prior to its amendment in 1963, the court could not calculate the degree of claimant's partial disability.

■ In connection with this point, claimant strongly asserts that the city failed to properly attack the court's finding of fact as to the percentage of disability and that this point should be disregarded. However, it is clear that the city actually attacks the finding made by the trial court, even though its point relied upon for reversal refers only to the trial court's refusal to adopt the conclusion of law requested by the city. We believe there is a sufficient compliance with Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M.S.A.1953), as is explained in Alvarez v. Alvarez, 1963, 72 N.M. 336, 383 P.2d 581.

■ Proceeding, then, to the merits of the claimed error, it is true that the record fails to show that the claimant earned any wage after the notice of disability. The city seems to urge that the trial court failed to consider that the workman declined a different type of work offered him by the city, and that this is a showing which bears upon the lack of evidence of subsequent wages. Suffice it to say in this connection that the job offered was also in the fire department and the claimant felt that he could not handle the job because of the difficulty with his hearing. The evidence bearing upon employment after the injury was that the claimant was not able to perform work in his own yard without becoming dizzy, together with certain medical testimony that he was disabled insofar as doing heavy work, or work which concerned the sounding of sirens and other matters related to fire department activities. We would add that the record indicates that, other than the training received from the fire department, Sanchez was qualified to do nothing other than manual labor. When this proof is coupled with the evidence that Sanchez could not perform heavy, difficult labor, it is clear that there is substantial evidence of disability.

■ We have had occasion to consider the meaning of § 59–10–18.3, supra, in several cases. Specifically, see, among others, Winter v. Roberson Construction Company, 1962, 70 N.M. 187, 372 P.2d 381, 96 A.L.R. 2d 933; Pies v. Bekins Van and Storage Company, 1962, 70 N.M. 361, 374 P.2d 122; Batte v. Stanley's, 1962, 70 N.M. 364, 374 P.2d 124; and Rone v. Calvary Baptist Church, Inc., 1962, 70 N.M. 465, 374 P.2d 847. Although each of the above cases involves a different fact situation than that before us now, we said in Batte v. Stanley's,

supra, "Accordingly, we have no hesitancy in announcing that under § 59–10–18.3 the wages earned after injury are not necessarily determinative of the question of post injury earning ability." It may very well be, as it is in this case, that no showing can be made of any wages after injury, but we do not believe that the statute contemplated that in such a situation the claimant is either entitled to 100% disability or none. The city would have us disregard the words of the statute, "he earns or is able to earn." Quite obviously, the trial court was of the opinion, as shown by the findings, that Sanchez' ability to earn was reduced by 70%, and we see no error in such a finding under the facts of this case.

The city's second point is the claim that notice of the injury was not given within the time required by law. Here, again, although claimant urges that we not consider this point because of the city's failure to set out in detail all of the evidence bearing upon the proposition, we nevertheless feel that there was substantial compliance with Rule 15(6), supra, and that we should determine whether there was substantial evidence to justify the trial court in finding as a fact that within 30 days of December 28, 1961, was the first time when the workman knew or should have known that he was suffering a compensable injury.

The whole question is, when did the workman know, or should have known by the exercise of reasonable diligence, that he was suffering a compensable injury by accident in the course of his employment. This problem has been discussed by us in many cases. See Montell v. Orndorff, 1960, 67 N.M. 156, 353 P.2d 680; Langley v. Navajo Freight Lines, Inc., 1962, 70 N.M. 34, 369 P.2d 774; and Baca v. Swift & Co., 1964, 74 N.M. 211, 392 P.2d 407. Compare Webb v. New Mexico Pub. Co., 1943, 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002.

The city places great reliance upon the fact that in 1959 claimant was struck in the ear by a heavy door and thereafter consulted a doctor with reference to his hearing. Although not specifically stated, it seems to be the city's position that this accident is the over-all cause of claimant's loss of hearing and that he therefore had notice from 1959, rather than the date found by the court. Admittedly, there is some testimony which might be so considered, but there was no medical testimony that this particular accident was the probable cause of the loss of hearing. Actually, even the doctor who was seen at that time did not advise the claimant to refrain from carrying on his regular duties as a driver of the fire truck. Several doctors testified in the trial below and none of them were able to testify to any specific injury which resulted in the disability, and we believe it is fair to say that the injury was a gradual pro-

gressive one which finally culminated in the claimant consulting Dr. McCullough, at which time the doctor realized, and so advised the claimant, that his condition was such as should prohibit him from continuing his job. It was Dr. McCullough who first advised the claimant that the noise involved in driving a fire truck had a definite causal relationship to the injury suffered. None of the doctors who saw claimant earlier were able to identify and relate the causal relationship of noise to the injury. Thus it can hardly be said that Sanchez should have known that he was suffering from a compensable injury at any time earlier than December 28, 1961.

We are satisfied, from a careful review of the record, that the finding of the trial court as to the time when the claimant knew or should have known he was suffering a compensable injury has substantial support in the evidence and there was no error in making the finding attacked.

Claimant is entitled to an award of reasonable attorney's fees for his attorneys in representing appellee in this court and a fee of $750.00 is hereby fixed.

The judgment will be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.