415 P.2d 546

**Mark BELL, Plaintiff-Appellant,**

**v.**

**KENNETH P. THOMPSON CO., Inc., and the Employers' Liability Assurance Corp., Ltd., Defendants-Appellees.**

**No. 7890.**

Supreme Court of New Mexico.

June 20, 1966.

Sutin & Jones, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

OPINION

JOE W. WOOD, Judge, Court of Appeals.

Plaintiff appeals from a judgment denying him workmen's compensation benefits. The appeal raises three issues: (1) the findings of fact made by the trial court, (2) the uncontradicted testimony rule, and (3) notice.

On the first issue, the claim is that the trial court failed to make any findings as to whether plaintiff suffered accidental injury arising out of his employment.

The trial court made these findings among others:

"5. That during said period, April, 1963, to March 25, 1964, plaintiff did not suffer an accidental injury arising out of and in the course of his employment.

"6. That on March 19 or March 20, 1964, plaintiff did not incur an accidental injury arising out of and in the course of employment."

Plaintiff claims that these are conclusions of law and not findings of fact. The above quoted findings of fact are proper ultimate findings of fact. Brundage v. K. L. House Construction Company, 74 N.M. 613, 396 P.2d 731.

On the second issue, plaintiff seeks application of the rule that uncontradicted testimony of a witness, (in this case the plaintiff) cannot arbitrarily be disregarded by the trier of the facts, relying upon Heron v. Gaylor, 52 N.M. 23, 190 P.2d 208; Medler v. Henry, 44 N.M. 275, 101 P.2d 398.

■ Plaintiff claims that it is uncontradicted that on March 19, 1964, plaintiff, while employed by defendant, picked up a sack of cement weighing 94 pounds, stumbled on a block, went down, twisted to one side and then finished his loading of a truck.

Medler v. Henry, supra, states:

"* * * it cannot be said that the trier of facts has acted arbitrarily in disregarding such testimony, although not directly contradicted, whenever any of the following matters appear from the record:

"* * *

"(d) That legitimate inferences may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony."

There are such facts and circumstances. There is no need to set forth all the evidence. Some of the facts and circumstances are: plaintiff's failure to inform his employer that he was hurt on the job although there were several instances when plaintiff conversed with the employer; medical records, introduced without objection by plaintiff, which indicate no history of trauma in connection with plaintiff's back condition; plaintiff's failure to tell the treating physician at the Veteran's Hospital that he hurt himself on the job; and discrepancies in plaintiff's testimony as to what he was doing when his back was hurt.

■ From these facts and circumstances, the trial court, who saw and heard the plaintiff, could deny full credence to the testimony of plaintiff. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135. This court will not substitute its judgment for that of the trial court as to the credibility of the witness. Beacon Supply Company v. American Fiber Corp., 75 N.M. 29, 399 P.2d 927. The facts here present constitute an exception to the uncontradicted testimony rule.

■ The third issue is that the trial court erred in finding that no written notice was given within the time prescribed by § 59–10–13.4, N.M.S.A.1953. There is no claim that defendants had actual knowledge of the accident. There is no claim that plaintiff was prevented from giving notice within thirty days. Plaintiff claims that written notice was given. The applicable statute reads:

"Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence * * *."

Counsel agree that the time for giving notice begins to run when an employee knows, or by the exercise of reasonable diligence should know, that he has sustained an injury by accident in the course of his employment. Sanchez v. City of Albuquerque, 75 N.M. 137, 401 P.2d 583; Langley v.

Navajo Freight Lines, Inc., 70 N.M. 34, 365 P.2d 774.

Plaintiff claims that while he suffered his accident on March 19th, he did not know that he had sustained a compensable injury until April 15th and that the time for giving notice did not commence until April 15th. Assuming that plaintiff's argument is correct, that April 15th is the date from which to count the thirty-day period, still plaintiff did not give notice as required by § 59–10–13.4, N.M.S.A.1953.

The notice dated May 11th reads:

"TAKE NOTICE that Mark Bell, formerly employed as a truck driver by your firm, hereby gives notice in writing as required by New Mexico Statutes Annotated 59–10–13.4 to his former employer, Kenneth P. Thomason Construction Company.

"The nature of the injury is a herniated disc in the lumbar region requiring surgery and treatment, and the cause of the injury is the lifting of heavy objects as required in the course of his employment and while employed by Kenneth P. Thomason Construction Company."

The statute requires notice of accident as well as notice of injury. Wilson v. Navajo Freight Lines, Inc., 73 N.M. 470, 389 P.2d 594. The above notice gives notice of an injury, but does not give notice of an accident. That it did not give notice of an accident is shown by testimony of the employer.

The employer testified that the notice was the first information that he had that plaintiff might have been hurt on the job, that he could not tell from the notice when or how plaintiff might have been hurt, that he checked with other employees and was unable to find anyone who knew about the alleged accident. Shortly after receipt of the notice the employer had a telephone conversation with plaintiff in which plaintiff denied talking to the attorney who wrote the notice and denied that he was suing the employer. In this conversation, plaintiff did not mention that he had been hurt on the job on a certain date or even that he had injured himself on the job at any time.

It was not until June 16 that plaintiff ever identified the date when his alleged accident occurred; yet the record is clear that there were several contacts between plaintiff and the employer during the thirty-day period following April 15th.

Section 59–10–13.4, N.M.S.A.1953 does not specify what will suffice as written notice of the accident. The statute involved in Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473, required notice of both the accident and the injury. It was held that no notice was given. With reference to notice of accident, the court said:

"In the case now before us the claimant knew in November, 1955, that he was injured, * * * and at no time did he

give written notice of  *  *  *  where or how or when it happened,  *  *  *  he did not say  *  *  *  how or when he was hurt or any particulars with reference thereto  *  *  *'

The written notice in this case did not state where or when the acident is supposed to have happened. The notice contains no reference from which the accident could be identified. Even under the dates chosen by plaintiff, he did not give written notice of the accident as required by statute.

The judgment is affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.