428 P.2d 471

Howard ROBERSON, Plaintiff-Appellant,

v.

Cleo POWELL, Employer and Travelers Insurance Company, Insurer, Defendants-Appellees.

No. 7880.

Supreme Court of New Mexico.

June 5, 1967.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

We are here called upon to determine if claimant is entitled to prosecute this action seeking workmen's compensation.

Claimant was employed as a laborer by defendant Powell, a house builder, on December 7, 1962, on which date a board broke and struck claimant on the right shoulder. The court found that the accident arose out of and in the course of employment and occurred in the presence of defendant's foreman. At the time the board struck him, claimant stated it "just stung a little" and the next day he complained to the foreman that his shoulder "was kind of hurting today." He made no other complaints, evidenced no disability, and declined to see a doctor. He continued to work for defendant until discharged for unrelated reasons, December 14, 1962. After the accident claimant suffered continuous pain and discomfort in his shoulder which developed a black spot on it which he treated with hot towels. Defendant's first knowledge that the accident had resulted in any disability was in June or July, 1963. Claimant first sought and received medical attention on October 30, 1963. It is not necessary that we consider the additional proof of disability which followed. It is sufficient to point out that the trial court found, and such findings are unchallenged that the injury was not latent and that claimant knew, or as a reasonable man should have known, as of December 15, 1962, or within a few days thereafter, that he had incurred a disabling injury. It has grown increasingly serious.

After leaving the employ of defendant on December 14, 1962, claimant was unemployed by virtue of the condition of his shoulder and disability resulting therefrom until April, 1963, when he went to work for one Howell—a total of approximately four months without work. The employ-

ment for Howell continued for only three weeks during April and May, 1963, after which claimant was again unemployed for not over a month, until June 3, 1963, when he went to work for Rio Rancho Estates, where he worked continuously, and was still employed when this suit was filed on May 13, 1964.

Although the court made no findings on the subject, the record is uncontradicted, and the claimant requested a finding that his weekly wage was $50.00 while employed by defendant, and that the employment by Howell and Rio Rancho Estates was at a higher wage.

We first consider the question of notice under § 59–10–13.4, N.M.S.A.1953. While finding that the accident happened in the presence of defendant's foreman, and that he had personal knowledge of it, the court nevertheless concluded that the action was barred because of failure to meet the notice requirements of that section. It reads:

"A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty [60] days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

Ever since our decision in Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302 (1940), it has been the rule in this state that actual knowledge by the employer of an accident did not excuse the giving of written notice. Rather, the knowledge must be of an accident and compensable injury. We quote from Ogletree v. Jones, supra:

"This knowledge which the statute requires. means 'more than just putting upon inquiry and involves more than knowledge of the mere happening of an accident.' 71 C.J. 992, par. 770(2); Bartlet's Case, 125 Me. 374, 134 A. 163; Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467. 'Mere notice to the employer that the employee became sick while at work cannot be considered "actual notice of injury" within the provisions of the act excusing notice.' 71 C.J. 992, 993, par. 770(3); Van Domelon v. Town of Vanden Broeck, 212 Wis. 22, 249 N.W. 60, 92 A.L.R. 501. And the knowledge which the employer must have to excuse a formal notice is of a compensable injury. Kangas' Case, 282 Mass. 155, 184 N.E. 380. See also Burji v. Jacob Hoffman Brewing Co., 200 App.Div. 246, 193 N.Y.S. 344; State ex rel. Magelo v. Industrial Accident Board, 102 Mont. 455, 59 P.2d 785; Gumtow v. Kalmazoo Motor Co., 266 Mich. 16, 253 N.W. 198."

The statute (§ 156–113, N.M.C.S.1929, as amended by ch. 92, § 7, N.M.S.L.1937) considered in Ogletree v. Jones, supra, has been amended several times between 1937 and 1959, when § 59–10–13.4, N.M.S.A. 1953, as now in effect, was adopted.

In Wilson v. Navajo Freight Lines, Inc., 73 N.M. 470, 389 P.2d 594 (1964) we had occasion to comment on these changes. We there said:

"Difficulty in applying our statute is encountered by virtue of the requirement (1) that the notice be in writing; and (2) that it must be not only of the injury, but also of the accident. Likewise, to excuse the notice, there must be knowledge of the 'occurrence' by a superior in charge of the work. The 'occurrence' can mean nothing but the 'accident' when considered in the context in which it appears in § 59–10–13.4(B), quoted above. In this regard the statute differs from its form prior to its amendment by § 8, Ch. 67, N.M.S.L.1959, which changed the

word 'injury' to 'accident' in § 59–10–. 13.4(B), quoted above. To our minds the change was a significant one. * * *

" * * * We have adhered strictly to the rule as first announced in Ogletree v. Jones, supra, and since the amendment noted above requiring the knowledge to be of the 'accident' rather than of the 'injury,' the conclusion there reached is made more convincing. Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, relied upon heavily by plaintiff, is no departure from the doctrine of Ogletree v. Jones, supra. The employer there had immediate knowledge not only of the accident, but also of the injury."

In Baca v. Swift & Company, 74 N.M. 211, 392 P.2d 407, (1964), we considered the question of when knowledge or notice of an accident and injury was sufficient, and concluded that where employer had notice of the accident and a compensable injury, the fact that the employee came back to work, but was later discharged, did not as a matter of law establish that there was no right to continuing compensation, but rather that the question was properly for the jury. We there distinguished Spieker v. Skelly Oil Co., 58 N.M. 674, 274 P.2d 625 (1954), where the employee had been injured but returned to work asserting he was "cured," and it was concluded that the employer had no notice of compensable claim so as to put it in default for failure to pay compensation. We also discussed and distinguished the situation presented when an injury was latent as claimed in Swallows v. City of Albuquerque, 59 N.M. 328, 284 P.2d 216 (1955).

From all these cases, and others therein cited, we cannot escape the conclusion that under the facts here present knowledge of the injury to his shoulder entitling claimant to compensation, and known to him during the four months or more when he was without work because of the condition, as found by the court, but at no time communicated to employer, is in fact and law a failure to timely comply with the provisions of § 59–10–13.4, supra,

and barred recovery in this case under § 59–10–13.6, N.M.S.A.1953. Compare Rinne v. W. C. Griffis Co., 234 Minn. 146, 47 N.W.2d 872 (1951).

Having so concluded, we need not consider the additional arguments advanced by claimant. We would note, however, that the cases relied on by claimant as standing for a tolling of the time for filing suit where a workman was earning as much or more after an accident as before do not aid claimant here. The cases are Cordova v. City of Albuquerque, 71 N.M. 491, 379 P.2d 781 (1926); Rayburn v. Boy's Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964); Salazar v. Lavaland Heights Block Company, 75 N.M. 211, 402 P.2d 948 (1965). In none of those cases was any question presented as to sufficiency or timeliness of the notice under § 59–10–13.4, supra.

The judgment appealed from is affirmed. It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON, and CARMODY, JJ., concur.