449 P.2d 81

Chester Francis ROHRER, Plaintiff-Appellant and Cross-Appellee.

v.

EIDAL INTERNATIONAL, Employer, and Mountain States Mutual Casualty Company, Insuror, Defendants-Appellees and Cross-Appellants.

No. 195.

Court of Appeals of New Mexico.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

**712**

LeRoi Farlow, Farlow & Duffy, Albuquerque, for plaintiff-appellant.

Allen C. Dewey, Jr., Peter J. Adang, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

The dispositive issue is "actual knowledge" of the occurrence which dispenses with written notice of accident and compensable injury under our Workmen's Compensation Act. Section 59–10–13.4(B), N.M.S.A.1953. This issue is raised by both parties; plaintiff in appealing from a judgment in his favor, defendant by cross-appeal. Plaintiff complains of (1) the finding as to when the employee gave the employer "actual notice" and (2) the refusal of his requested finding as to when plaintiff knew he had suffered a compensable injury. Defendant complains of the trial court's conclusion that notice to the employer was reasonable.

*The finding concerning "actual notice".*

On March 11, 1966 plaintiff sustained an injury by accident arising out of and in the course of his employment. The trial court found:

"Plaintiff did not give written notice of a compensable injury but he gave actual notice to the defendant employer on April 14, 1966."

Plaintiff attacks the date of "actual notice" found by the trial court; however, there is substantial evidence which supports the finding. On cross examination, plaintiff admitted he went to see an officer of the employer on April 14th and at that time the officer "probably" told him he could be fired for waiting so long to report

an injury. On redirect, plaintiff explained why he didn't report to the officer until April 14th. There is conflicting evidence; the officer gave the date as April 11th. It was for the trial court to resolve this conflict; it did so by the finding. Romero v. Zia Company, 76 N.M. 686, 417 P.2d 881 (1966); Torres v. Kennecott Copper Corp., 76 N.M. 623, 417 P.2d 435 (1966).

Plaintiff also contends the trial court should have found that plaintiff verbally reported the accident to his superintendent either on the day of the accident or the following day. Both plaintiff and the superintendent so testified. However, the superintendent contradicted this testimony on cross examination. He testified that he didn't know how long after the accident it was reported, didn't know whether the accident was reported the next day and couldn't testify that the accident was reported in March. Under these circumstances, the trial court could deny full credence to the testimony of plaintiff; it did so in finding that plaintiff gave the employer actual notice of the accident on April 14. See Bell v. Kenneth P. Thompson Co., 76 N.M. 420, 415 P.2d 546 (1966).

■ We do not substitute our judgment for that of the trial court as to the credibility of the witnesses. Bell v. Kenneth P. Thompson Co., supra. Accordingly, the finding of the trial court is not erroneous.

*Refusal of requested finding concerning plaintiff's knowledge of compensable injury.*

We are not concerned here with the sufficiency of the employer's "actual knowledge"; we assume the employer had actual knowledge of an accident and compensable injury on April 14th. See Roberson v. Powell, 78 N.M. 69, 428 P.2d 471 (1967); Smith v. State, 79 N.M. 25, 439 P.2d 242 (Ct.App.1968).

■ Our concern is with when plaintiff knew or should have known that he suffered a compensable injury. The period for written notice does not begin to run until

plaintiff is charged with such knowledge. Sanchez v. City of Albuquerque, 75 N.M. 137, 401 P.2d 583 (1965); Langley v. Navajo Freight Lines, Inc., 70 N.M. 34, 369 P.2d 774 (1962)., The accident happened on March 11th; the employer had actual knowledge on April 14th. The closer to April 14th that plaintiff is charged with knowledge of a compensable injury then the more prompt is plaintiff's verbal report which, here, is the basis of the employer's actual knowledge. This bears directly on the legal conclusion concerning notice discussed as the third point in this opinion.

Plaintiff requested a finding that it was not until April 14th that it was apparent that plaintiff suffered a compensable injury. He claims the trial court erred in refusing this request.

As in the first point, there is a conflict in the evidence. Plaintiff testified that he didn't report the accident until April 14th because he thought he would get "all right", that he didn't have any difficulty until April 14th and on that day went to the doctor.

The accident occurred when plaintiff stepped on a cable connection, twisted his left hip, fell to his hands and knees and experienced a severe pain in his left hip and back. When he got up " * * * something was protruding in my hip and, as I straightened up and straightened my leg, it went back. I presume it was out of the socket." His hip was sore and painful. He " * * * limped from the time I was hurt." "It got progressively worse." "It wasn't doing any better, so I went to the doctor" on April 14th. The doctor was of the opinion that plaintiff had a 50% disability of the left hip when he saw him on April 14th and thereafter plaintiff "stayed status quo."

It was for the trial court to resolve the conflict in plaintiff's testimony. Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967); Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967). Accordingly, it did not err in refusing to

find that plaintiff did not have knowledge of a compensable injury until April 14th. See Roberson v. Powell, supra; Sanchez v. City of Albuquerque, supra; Higgins v. Board of Directors of N. M. State Hosp., 73 N.M. 502, 389 P.2d 616 (1964).

*The conclusion that notice was reasonable.*

Since no written notice was given, plaintiff's claim for compensation is barred unless the employer had "actual knowledge" under § 59–10–13.4(B), supra. Roberson v. Powell, supra; Smith v. State, supra. If the employer had "actual knowledge", it acquired that knowledge by plaintiff's verbal notice thirty-four days after the accident. Defendants do not claim they did not know of the "occurrence" after plaintiff's verbal report. They contend that verbal notice given thirty-four days after the accident cannot constitute "actual knowledge" within the meaning of § 59–10–13.4(B), supra. It is on this basis that defendants contend the trial court erred in concluding that they had "reasonable notice."

"Verbal notice" is considered in determining the employer's actual knowledge. However, the "verbal notice" is not determinative in and of itself. All the facts and circumstances must be considered, including the promptness of the verbal notice. In the following cases the employer received "verbal notice" on the day of the accident or the following day. This promptness, together with the other circumstances, was sufficient to charge the employer with "actual knowledge". Baca v. Swift & Co., 74 N.M. 211, 392 P.2d 407 (1964); Lozano v. Archer, 71 N.M. 175, 376 P.2d 963 (1962); Winter v. Roberson Construction Co., 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933 (1962). See also Buffington v. Continental Casualty Co., 69 N.M. 365, 367 P.2d 539 (1961).

It is the totality of the facts and circumstances that determines whether the employer has "actual knowledge." The facts and circumstances were sufficient to charge the employer with "actual knowl-

edge" in Waymire v. Signal Oil Field Service, Inc., 77 N.M. 297, 422 P.2d 34 (1966), although the verbal notice was not promptly given; it not being given until nine days after the accident. The employer was not charged with "actual knowledge" in Scott v. General Equipment Co., 74 N.M. 73, 390 P.2d 660 (1964) since the only circumstance was a verbal notice not given until thirteen days after the accident.

■ Here the verbal notice is the only circumstance on which the employer can be charged with "actual knowledge". This verbal notice was not given until thirty-four days after the accident. Under Scott v. General Equipment Co., supra, this is insufficient to charge the employer with "actual knowledge".

■ There is an additional reason why the employer cannot be charged with "actual knowledge". The concern with "actual knowledge" is to determine whether written notice is excused. Thus an inquiry concerning "actual knowledge" is relevant only within the time allotted for giving written notice. Specifically, if notice is not given or excused within the time provided by § 59–10–13.4(A), N.M.S.A.1953, the claim is barred. "Actual knowledge" only excuses the failure to give written notice when such actual knowledge is acquired within the time allotted for the written notice. Although used in a different context, the following statement from Scott v. General Equipment Co., supra, is pertinent:

> "To hold otherwise would effectively nullify the requirement of written notice, and would stretch 'actual knowledge' excusing the same beyond recognition."

Nothing in the record of this case indicates anything to prevent plaintiff from giving written notice to the employer. Accordingly, under § 59–10–13.4(A), supra, he was required to give written notice within thirty days. Even if the facts and circumstances were such that the employer had "actual knowledge" on the thirty-fourth day, such actual knowledge could not excuse the failure to give written notice because the time for giving written notice had expired.

Since there was no written notice, the conclusion by the trial court that the employer had "reasonable notice" necessarily means "actual knowledge" by the employer. For both of the reasons discussed above the employer did not have "actual knowledge"; the conclusion is erroneous.

■ There being neither written notice nor actual knowledge within the meaning of § 59–10–13.4, N.M.S.A.1953, plaintiff's claim for compensation is barred. Roberson v. Powell, supra; Smith v. State, supra.

The judgment is reversed. The cause is remanded with instructions to set the judgment aside and enter a new judgment dismissing the complaint.

It is so ordered.

SPIESS, C. J., concurs.

ARMIJO, Judge (dissenting).

I disagree with the conclusion reached by the majority and would remand with instructions to the trial court to determine the issue of latency.

Appellant requested a conclusion of law that his injury was latent, based on his request for findings of fact supporting this result. Appellees tendered requested findings and conclusions to the contrary. By its judgment the trial court seemingly resolved this issue in appellant's favor but failed to so specify in its decision. As noted in the majority opinion there was dispute in the evidence on this point sufficient to support a finding pro or con.

I think this presents an "irreconcilable conflict" situation similar to that in Baker v. Shufflebarger & Associates, Inc., 77 N.M. 50, 419 P.2d 250 (1966) (on review of other issues 78 N.M. 642, 436 P.2d 502 (1968)). See also Walter E. Heller & Company of California v. Stephens, 79 N.M. 74, 439 P.2d 723 (1968).

I dissent.