483 P.2d 305

Billy A. BROWN, as next friend of Robert L. Brown, Plaintiff-Appellee,

v.

SAFEWAY STORES, INC., and the Travelers Indemnity Company, Defendants-Appellants.

No. 521.

Court of Appeals of New Mexico.

Dec. 31, 1970.

Rehearing Denied Feb. 4, 1971.

Motion Granted March 5, 1971 re attorneys fee on rehearing.

Byron Caton, White & Caton, Farmington, for defendants-appellants.

James L. Brown and John R. Phillips, Jr., Farmington, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff was awarded workmen's compensation benefits for an injury that rendered him totally and permanently disabled. Defendant raises four points on appeal. Three deal with the sufficiency of the evidence to support the trial court's findings that (1) the injury was latent, (2) the disability is total, and (3) the accident and injury were causally related. The fourth point states that the trial court erred in starting the period of compensation from the date of the injury since no duty to pay arises until after the employee gives notice to the employer of the injury. Swallows v. City of Albuquerque, 59 N.M. 328, 284 P.2d 216 (1955). The plaintiff concedes the merits of the fourth point.

## WAS THERE SUBSTANTIAL EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS?

In responding to a challenge to the sufficiency of the evidence to support the trial court's findings the appellate court

must view the evidence and inferences therefrom in the light most favorable to the party prevailing below. Gruschus v. C. R. Davis Contracting Company, 77 N.M. 614, 426 P.2d 589 (1967).

Applying that rule the record discloses the following. Plaintiff was employed by defendant on a part-time basis. The duties of his employment included sacking groceries and helping unload a grocery truck on one morning each week. One morning in March of 1968 plaintiff, while lifting a case of canned goods, experienced sudden pain in his back. He did not feel the injury was serious and continued his work for the remainder of the morning. That same evening he told his parents of the injury and assured them that it was not serious. The pain lasted about two days and then disappeared. Two weeks later plaintiff experienced pain in his left leg and as the pain lingered and intensified plaintiff sought medical assistance. The first treating physician diagnosed the problem as a blood clot in plaintiff's leg. When the treatment for the blood clot did not relieve the pain plaintiff went to another physician who thought plaintiff had strained a muscle in his leg. When plaintiff's leg problem again failed to respond to the treatment, he went to another physician who also suggested that he had strained a muscle in his leg. Plaintiff was then referred to an orthopedic surgeon who performed a myleogram and discovered two ruptured discs. It was during the treatment with the specialist that plaintiff first realized that there might be a causal connection between the injury at the store and the discomfort he was experiencing in his leg. The date of this realization was approximately August 9th, or approximately five months after the accident at the store. Plaintiff had stopped working for defendant on about August 9th. Plaintiff's father gave defendant notice of the possible claim on the 11th of August. At the trial it was disclosed that plaintiff's only work experience was as a grocery clerk and as a planter of cucumbers and potatoes. He was eighteen years old and had completed high school. He had had no specialized training for any particular occupation. The orthopedic surgeon testified that plaintiff, because of his back problems, should avoid any strenuous activity and that such activity might pose a hazard to plaintiff's health. The doctor also testified that based upon the medical history, medical examination, treatment and findings, as a medical probability plaintiff's back injury was caused by the work related accident.

## WAS THE INJURY A LATENT INJURY?

The issue of latent injury has been discussed in several New Mexico decisions including Langley v. Navajo Freight Lines, Inc., 70 N.M. 34, 369 P.2d 774 (1962); Rohrer v. Eidal International, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968) and Smith v. State, 79 N.M. 25, 439 P.2d 242 (Ct.App. 1968). This line of cases has established the rule that in the case of a latent injury the workman must give notice but only after he knew, or should have known by the exercise of reasonable diligence, that he had incurred a compensable injury by accident arising out of and in the course of his employment.

In resolving this question of "reasonableness" we not only have plaintiff's testimony that he did not realize the connection between his leg problem and the industrial accident until August 9th but we have medical testimony that it is not uncommon for a patient suffering a leg problem like plaintiff's to fail to connect the leg pain with a back injury. It would be difficult to rule as a matter of law that plaintiff was unreasonable in failing to connect the leg problem to the back injury when several experienced doctors failed to make the connection while treating plaintiff. Indeed, the evidence suggests that the only person who reasonably should make the connection between the two is an orthopedic surgeon. We must conclude that there was substantial evidence to support the finding. See Sanchez v. City of

Albuquerque, 75 N.M. 137, 401 P.2d 583 (1965).

## WAS THE CAUSAL RELATION ESTABLISHED?

 . As noted earlier a medical expert testified that the back injury was caused by the industrial accident. Defendant challenges the competency of this opinion because he feels the foundation for this opinion differed from the facts revealed at trial. During defendant's cross-examination of this medical witness, defendant asked if the doctor's opinion would differ if he knew that plaintiff had been lifting weights during 1968. The medical witness was also asked if his opinion would differ if he knew that plaintiff had continued to work up until the time the orthopedic· surgeon had discovered the disc problem. To each of these suggestions the doctor responded that he would be interested in such facts but did not suggest that his medical opinion would be any different. We feel this attack on the competency of the opinion did not go far enough to destroy the opinion and therefore the attack only amounted to an attack on credibility which is for the trial court to resolve. The appellate courts in New Mexico do not weigh conflicting evidence or credibility of witnesses. Gallegos v. Wilkerson, 79 N.M. 549, 445 P.2d 970 (1968). We conclude that there was substantial evidence to support the trial court's finding.

## WAS THE PLAINTIFF TOTALLY DISABLED?

 There is no suggestion that plaintiff was employable for any job for which he was suited by age, education, training, and general physical and mental capacity. There is evidence, as noted above, that plaintiff was eighteen years old, had a high school education, was trained to plant cucumbers and potatoes, and suffered from an injured back. Although it might be imaginable that plaintiff might be employed at something, there is nothing in the record that would support such a finding.

 Defendant states: "The claimant has the duty of showing that he was disabled from doing any work for which he was fitted by age, education, training and previous experience." We agree that the proof of the disability is on the plaintiff, but after plaintiff has introduced evidence as to his age, education, training, and general physical and mental capacity, the burden of coming forward is on the defendant. It is much easier for the defendant to prove the employability of the plaintiff for a particular job than for plaintiff to try to prove the universal negative of not being employable at any work. If the defendant chooses to stand on the evidence introduced by plaintiff and not rebut the evidence, he may run a great risk since the issue may become one of substantial evidence, which is not a question of quantity but presence. Compare Adams v. Loffland Brothers Drilling Company, 82 N.M. 72, 475 P.2d 466 (1970).

In the present case there is substantial evidence to support the finding of total disability and this evidence is not overcome by the fact that the plaintiff is presently a university student. Defendant has cited no authority suggesting that being a student is being employed and we have · found none.

The award of compensation is affirmed with an additional award to plaintiff of $1,250.00 for the services of his attorney in this appeal. Section 59–10–23(D), N.M. S.A.1953 (Repl. Vol. 9, pt. 1). The case is remanded for correction of the judgment so that the period for compensation will begin on August 11, 1968 rather than March 18, 1968.

It is so ordered.

SPIESS, C. J., and LaFEL E. OMAN, Justice, Supreme Court, concur.

WOOD, J., not participating.

## ON MOTION FOR REHEARING

HENDLEY, Judge.

Defendant filed a Motion for Rehearing and plaintiff answered. Defendant's Mo-

**428**

tion for Rehearing was denied. Plaintiff now calls our attention for failure to award attorneys fees on the Motion for Rehearing pursuant to Kendrick v. Gackle Drilling Company, 71 N.M. 113, 376 P.2d 176 (1962).

We have considered plaintiff's Motion for Award of Attorneys Fees, and being sufficiently advised in the premises,

It is ordered that plaintiff be and is hereby awarded an additional sum of $250.00 as and for his attorneys fees on said Motion for Rehearing; said attorneys fees to be in addition to any other attorney fees which were heretofore awarded on the appeal.

It is so ordered.

SPIESS, C. J., concurs.

LaFEL E. OMAN, Justice, Supreme Court, dissents.