[No. 545.    August 11, 1894.]

## JOHN G. CLANCEY, APPELLANT, v. JOHN G. CLANCEY, ADMINISTRATOR OF THE ESTATE OF CHARLES E. FAIRBANK, DECEASED, APPELLEE.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF DEMANDS AGAINST ES-
TATE OF DECEDENT REVIEWABLE ON APPEAL.—While a simple action
in assumpsit, brought against the estate of a deceased person, may
be maintained in the district court, yet the general administration of
an estate in the probate court is in the nature of a proceeding in
equity, and an appeal from such court, allowing or disallowing a
claim, is an appeal to the district court sitting as a court of equity,
and the action of the latter court may be reviewed by the supreme
court on appeal.   Chaves v. Perea, 3 N. M. (Gil.) 93.

ID.—VERIFICATION OF CLAIMS AGAINST ESTATE OF DECEASED PERSON—
JURISDICTION OF PROBATE COURT—APPEAL TO DISTRICT COURT.—On
appeal, from the disallowance of part of a claim against the estate of
a deceased person, from the probate court to the district court, where
it affirmatively appeared that the claim had never been verified, as
required by section 27, Act of February 26, 1889, the probate court
had no jurisdiction to consider or allow it, and the absence of such
verification could not be supplied in the district court.

ID.—CLAIM OF ADMINISTRATOR AGAINST HIMSELF AS SUCH, AND IN FAVOR
OF HIMSELF AS CREDITOR.—Where, in such case, the administrator
reports cash on hand, he will not be permitted, under the guise of a
claim against himself as such administrator, and in favor of himself
as creditor, of the estate, to place such assets beyond the reach of
other claimants, and thereby defeat their rights in case they should
establish a title to the same.

ID.—APPEAL FROM ALLOWANCE OF PART OF CLAIM.—In such case an
appeal from the judgment of the probate court is limited to so much
of the judgment as is complained of.

APPEAL, from a judgment for defendant, from the
Fourth Judicial District Court, San Miguel County.
Affirmed; COLLIER and LAUGHLIN, JJ., dissenting.

The facts are stated in the opinion of the court.

JOHN D. W. VEEDER for appellant.

The ruling of the court below in support of the
amended pleas was erroneous.   Comp. Laws, 1884, sec.

1848; Lee v. Walker, 53 N. W. Rep. 597.; Bray's Adm'r v. Seligman's Adm'r, 75 Mo. 31 (40); 1 Am. and Eng. Encyclopedia of Law, p. 624.

Appellant's appeal only brought before the district court for consideration the several items of his original claim appealed from. Millard v. Harris, 10 N. E. Rep. 387, 391; Curts v. Brooks, 71 Ill. 127; Morgan v. Morgan, 83 Id. 196; Moore v. Williams, 24 N. E. Rep. 617, 618.

The judgment of the probate court could not, upon appellant's appeal, be impeached in any manner by the pretended heirs, either in whole or in part. In re The Quickstep, 9 Wall. 665, 672; Clowes v. Dickinson, 8 Cow. (N. Y.) 328, 330; Witt v. The Trustees, etc., 55 Wis. 376, 381, 13 N. W. Rep. 261; Terrell v. Rowland, 4 S. E. Rep. (Ky.) 825, 827; Schlereth v. Mo. Pacific R'y Co., 19 S. W. Rep. 1133, 1134; Laws, N. M. 1889, p. 221, amending sec. 562, Comp. Laws.

The word "advances" means money loaned by a partner to the firm or copartnership, and it is in this restricted sense the word is always used, when applied to partnerships. 1 Lindley on Copartnership, star page 320. See, also, 2 Id., star page 402.

In this case the claim of the appellant is for a debt unconnected with the affairs of the partnership, for a fixed amount, and, therefore, not required to be ascertained by a previous examination of the partnership account. 2 Lind. on Part., star pp. 563, 564, and cases cited; Biernan v. Braches, 14 Mo. 24; Crater v. Bininger, 45 N. Y. 545. See, also, Bull v. Coe et al., 18 Pac. Rep. 808.

The contract between the parties was that the sums of money advanced by appellant were to be repaid at a future period, and upon the closing out of the copartnership business. Under such circumstances the statute of limitations begins to run as soon as the specified time has elapsed, or the particular event has occurred.

Angell on Lim. [6 Ed.], sec. 42; Wood on Lim. Acts., p. 254.

The claim must be supported by oath before it can be allowed by the court, but it may be sworn to orally and upon the hearing, or at any time prior. See Sanchez v. Luna, 1 N. M. 238, 240; also Goodrich v. Conrad, 24 Iowa, 254; Wile v. Wright, 32 Id. 451, 455, 457; Terrell v. Rowland, 86 Ky. 67.

Appellant is entitled to recover the money paid by him for the use and benefit of the deceased with deceased's knowledge and consent. Wilson v. Estate of Hotchkiss, 45 N. W. Rep. 838, 840.

Appellant's testimony is corroborated in every material point. For rule as to corroboration, see Gildersleeve v. Atkinson, 6 N. M. 257.

LAFAYETTE EMMETT for defendant and Elizabeth Fairbank et al.

On perfecting the appeal from the probate court the case stands in the district court as if commenced there originally, and the pleadings may be amended, or the issues changed or modified, as in any other action on money accounts. Territory v. Lowitski, 6 N. M. 238.

The items for salary, or services to the firm, can not be charged against the firm, much less the other partner, without a special agreement to that effect, and there is no evidence of such agreement. 2 Kent, Com. 37, note b; Story on Part. 182; 1 Johns. Chan. Rep. 155–157; 3 Id. 433.

Plaintiff's claim is barred, because not sworn to and presented within the year as required by statute. Laws, 1889, ch. 90, secs. 27, 28, 34, pp. 216, 217.

FREEMAN, J.—This cause comes to us by appeal from the district court of the Fourth judicial district, sitting for the county of San Miguel. The facts are substantially as follows: On the eighteenth day of

February, 1889, the appellant, John G. Clancey, was
by the probate court of said county appointed adminis-
trator of the estate of Charles E. Fairbank, who
departed this life in the state of California on the thir-
teenth day of December, 1888. At the May term, 1889,
of said probate court, the appellant, as such adminis-
trator, filed in said court an inventory of said estate,
wherein he reported that he had in hand cash belong-
ing to said estate amounting to the sum of $14,140.17.
At the September term, 1889, William P. Fairbank and
Alice Fairbank and Elizabeth J. V. Fairbank, claiming
to be citizens and residents of the city of Baltimore, in the
state of Maryland, filed in said court a petition, wherein
they alleged that the said Elizabeth J. V. was the sur-
viving widow, and the said Alice and William the sur-
viving children, of the said Charles E. Fairbank; the
appellant, in his petition for letters of administration,
having named Ella Fairbank as the widow, and Harold,
Eva, Iva, and one other, all residents of the state of
California, as the heirs at law and the distributees of
the said estate. At an adjourned term of said court, at
a date subsequent to the filing of the last named peti-
tion, the administrator (the appellant) filed in said
court an application to be allowed to correct his former
inventory by showing that the amount therein shown
to be due the estate of the decedent was subject to be
reduced by certain indebtedness due him (the appel-
lant) as a surviving member of a copartnership existing
between him and the decedent at the date of the death
of the latter; and, thereupon, on the thirty-first day of
June, 1890, he filed in said probate court against said
estate a claim composed of sundry items, amounting in
the aggregate to $15,286.57. This claim was never
sworn to. Of the amount claimed, the probate court
adjudged that the sum of $4,185.07 was due the appel-
lant on account of services rendered by him to the
copartnership during the life of the decedent, and,

thereupon, proceeded to charge up against the partnership property the sum of $8,370.14; that is to say, the court found that the appellant was entitled to the last named amount for his services in the management of the affairs of the copartnership, and that half of this was payable by the decedent, and, thereupon, entered an order requiring the entire amount to be paid out of the partnership funds. The remaining amount of the claim, to wit, $11,101.50, was disallowed. From this judgment, decree, or order of the probate court, or from so much thereof as disallowed the last mentioned sum, the appellant appealed to the district court. For the better understanding of the questions here involved, it may be stated that while on the face of the record this is a proceeding in favor of John G. Clancey, as a creditor of the estate of Charles E. Fairbank, against John G. Clancey, as administrator of said estate, it is in reality a proceeding wherein the Baltimore claimants are seeking to establish their right as such, and are contesting the right of the appellant to enforce his claim against said estate. The cause was by agreement tried by the court below without the intervention of a jury, and a judgment rendered against John G. Clancey, and in favor of John G. Clancey, administrator. From this judgment, John G. Clancey, as claimant, appeals to this court.

The first question presented for our consideration is raised by the motion to dismiss the appeal, on the ground that the action is one at common law, and can be brought to this court only by writ of error. This question must be determined against the motion. At common law, as administered from a very early date in England, jurisdiction relating to the estates of deceased persons and to the care of minors was vested in the spiritual courts. Courts of equity have in this country succeeded to this jurisdiction. Beach, Mod. Eq. Jur.,

ALLOWANCE of demands against estate of decedent reviewable on appeal.

sec. 1033; Story, Eq. Jur. [10 Ed.], sec. 542, et seq.
In many jurisdictions, however, special courts are
organized having by statute the power vested in them
to supervise the administration of the estates of
deceased persons, to probate wills, appoint administra-
tors, guardians, etc., and in many other particulars to
exercise the functions peculiar originally to the spirit-
ual courts. Such powers are by statute of this terri-
tory vested in the probate courts. The fact, however,
that probate courts are clothed with jurisdiction to hear
and determine matters relating to the estates of
deceased persons does not necessarily affect the char-
acter or nature of actions growing out of such adminis-
tration; and while a simple action of assumpsit brought
against the estate of a decedent may be maintained in
the district court, yet we hold that the general admin-
istration of an estate in the probate court is in the
nature of a proceeding in equity, and that an appeal
from the decision of such court allowing or disallowing
a claim, is an appeal to the district court sitting as a
court of equity, and that the action of the latter court
may be reviewed here on appeal. Chaves v. Perea, 3 N.
M. (Gil.) 93. On appeal to the district court, the rever-
sal of the order of the probate court disallowing a claim
does not amount to a judgment against the estate, to
be executed by the ordinary writ of fieri facias. If the
district judge, sitting as a chancellor, decides that the
claim should be allowed, the judgment or finding is
certified to the probate court, where it is filed and
treated as other allowed claims. If, however, the
claimant whose claim has been disallowed by the pro-
bate court is not willing to submit the matter by appeal
to the judgment of the district judge, he may bring an
ordinary action at law against the administrator in the
district court, in which event he would be entitled to
have the matter passed upon by a jury as in ordinary
actions at law. Acts, 1889, p. 216. The further con-

sideration that this is a proceeding on the part of the appellant as claimant against himself as administrator makes it peculiarly a matter of equitable, rather than of common law, jurisdiction.

Having determined that the cause is properly before us on appeal, we are next to inquire into the propriety of the action of the court below in rendering judgment against the appellant. The learned chief justice, who rendered the judgment, filed in the cause an elaborate statement of his views of the several questions arising out of the pleadings and the argument. As, in our opinion, however, the proper determination of one of the questions raised disposes of the whole controversy, we shall rest our decision mainly, at least, on that point. The claim presented by the appellant against the estate of the decedent was not sworn to, or verified by his affidavit. The statute relating to the prosecution of claims against the estates of deceased persons is found in an act of the legislature "filed by the governor February 26, 1889." Section 27 of that act, which is amendatory of Compiled Laws, section 1399, or so much thereof as is applicable to this case, is as follows: "It shall be the duty of the probate judge to hear and determine claims against the estate. All such claims shall be stated in detail, sworn to and filed," etc. As already observed, this claim was not sworn to. It is insisted, however, on the part of the appellant, that this statute is directory only, and that the testimony submitted by him on the trial of the cause in the district court met the requirement of the statute; that the appeal from the probate to the district court had the effect of transferring the whole controversy to the latter court, to be tried de novo, subject to all the incidents of a trial in the court of original jurisdiction, and, among others, to the right of supporting the claim by affidavit; and that his sworn tes-

VERIFICATION of claims against estate of deceased person: jurisdiction of probate court: appeal to district court.

timony in support of the several items of the claim was a satisfaction of the provisions of the statute which required the claim to be filed in the probate court and sworn to. We can not give our assent to this contention. Certain requirements were necessary to give the probate court jurisdiction of the matter; and, while the district court was authorized to hear the cause de novo, yet it could hear and determine only such cause as was properly before it on appeal. It did not act as a court of original jurisdiction; and it follows, therefore, that, if the probate court was without jurisdiction to consider the claim, the district court had no authority to allow it. In order to give the probate court jurisdiction to hear and determine a claim of this character, it is necessary that such claim be sworn to and filed in said court. When, therefore, as in this case, a claimant files in the probate court an unverified account—an account not sworn to—he can not on appeal to the district court supply the defect. It is very true that a party, having failed in the court of original jurisdiction, for want of sufficient evidence to support his claim, may supply this defect in the appellate court, where the cause is heard de novo. It is also true that probate courts, in matters of administration, are, like courts of general jurisdiction, entitled to a favorable presumption as to jurisdictional facts. Acts 1889, p. 220. Yet in this case it appears affirmatively that the claim was never sworn to before the probate court; hence that court was not authorized to allow it, and, on appeal, it was the duty of the district judge, sitting as a chancellor, to hold that the probate court was without jurisdiction to consider and allow the same. We might rest our disposition of the case at this point, but there are other features connected with it which, in our opinion, deserve, at least, a passing consideration.

The appellant and the deceased were, prior to and at the date of the latter's death, partners in business.

CLAIM of administrator against himself as such, and in favor of himself as creditor. The appellant claims that, in setting up said business, he made certain advances to the decedent, which advances constitute a part of his claim. The remaining items of the claim are for certain payments alleged to have been made by the appellant, and for services rendered by him in the promotion of the partnership business. He appears, therefore, in the court below, as the administrator of the estate of his deceased partner, and as the surviving member of the partnership firm. The appellant having filed in the probate court his application to be appointed administrator, and having been duly appointed as such, appraisers of the estate were appointed, who reported that the estate of the decedent consisted of his interest in the partnership property of J. G. Clancey & Company, which property they reported, after payment of all partnership debts, amounted to $28,280.35, one half of which amount, to wit, $14,140.17, represented the estate of the decedent; and this amount the appellant, as administrator, reported to the probate court as cash on hand belonging to said estate. It was not until after the Baltimore claimants filed their petition to be allowed to establish their claim as heirs and distributees of the estate that the administrator sought to amend his report by setting up his claim to this $15,286.57. It is not seriously denied that this claim was an afterthought, and that it was filed for the sole purpose of defeating the Baltimore claimants. The only evidence offered by the appellant in support of his claim, aside from his own testimony, was the deposition of Ella Fairbank, claiming to be the last wife of the decedent. It is not seriously denied that this proceeding was friendly and collusive as between the appellant and the California parties, who claimed to be the surviving wife and children of the decedent. The purpose was to place the amount claimed beyond the reach of the Baltimore claimants in case

they should establish their title to the estate. We can not permit the courts to be made a party to an arrangement of this kind. The appellant had already reported that he has in hand $14,140.17 belonging to the estate. He can not be permitted, under the guise of allowing a claim against himself as administrator, and in favor of himself as a creditor, to place the assets of the estate beyond the reach of the rightful claimants, whoever they may prove to be.

There is still another question growing out of the issues involved, and which is pressed upon our consideration, the determination of which, although not necessary to the present disposition of the cause, will, nevertheless, in our opinion, tend to aid in the proper settlement of the controversy in the court below. It is this: The appellant's claim against the estate consisted of fourteen items, aggregating in amount $15,286.57. Seven of these items, aggregating $4,185.07, were charged as salary due appellant on account of services rendered by him to the partnership firm of J. G. Clancey & Company. The remainder of the claim consisted of items 'for money advanced in the original purchase of the partnership property (a flock of sheep), and sundry advances of cash, aggregated the sum of $11,101.50. On consideration of the whole clam, the probate court rendered the following judgment or decree: "And the court, being fully advised in the premises, orders, adjudges, and decrees that as to the items of salary, amounting to $4,185.07, the same is not a claim against the estate, but rightfully against the partnership, and ought to be charged to the firm of J. G. Clancey & Company. Therefore, the amount of $8,370.14, or double the amount as rendered against the estate of Charles E. Fairbank, deceased, is approved and ordered paid out of the partnership funds; and, as to all other amounts contained in said bill of J. G.

*Margin note: APPEAL from allowance of part of claim.*

Clancey against the said estate, the same are hereby rejected and disapproved, the same amounting to $11,101.50." The appellant appealed from so much of the foregoing order, judgment, or decree, as disallowed the sum of $11,101.50. The Baltimore claimants gave notice of an appeal from so much of said judgment or decree as undertook to allow the salary account. This appeal was, however, never perfected. The appellant insists, therefore, that the district court had jurisdiction of only so much of the proceedings of the probate court as were appealed from; that the judgment of the probate court allowing one part of the claim, and disallowing another, was severable, making it necessary, as a condition upon which the action of the probate court could be reviewed, that the party against whom an order as to one particular item was entered should appeal from that order; and that, therefore, the failure of the Baltimore claimants to appeal from the judgment of the court allowing the salary account left that part of the judgment, order, or decree, in full force. On the contrary, it is insisted that the appeal from the probate court to the district court brought the whole case into the latter court, and that, on inspection of the record of the probate court, it appeared that the whole judgment, decree, or order, so far as the same was relied on to support the appellant's claim against the estate, was an absolute nullity, in that the probate court undertook to make an allowance, not against the estate of the decedent, but against the partnership funds of the firm of J. G. Clancey & Company. In our opinion, it is the better practice to treat an appeal from the judgment, order, or decree of a probate court as limited to so much of such judgment, order, or decree as is complained of. It very often occurs that in matters involving an inquiry into long and intricate accounts, running through a series of years, and covering a multitude of transactions, having no other connection save that they

transpired between the same parties, no serious contest will arise except as to one or two items. In such cases there is nothing in reason or authority that prohibits the aggrieved party from appealing from so much of the order or judgment as to him may seem wrong. The fact that a large number of distinct claims are consolidated into one claim ought not to make it necessary for the aggrieved party to appeal the entire cause to the district court in order that he may get relief as to one claim or one item of the aggregated claim. Such a practice would involve unnecessary costs, without any corresponding benefit to either party. While, therefore, it is perfectly apparent to us, as it was to the learned judge who sat in the court below, that so much of the order of the probate court as undertook to allow the appellant $4,185.07, and to set apart $8,370.14 of the partnership funds for the payment thereof, was an absolute nullity, yet this part of the decree or judgment was not appealed from, and was not, therefore, properly before the district court. The judgment, however, of the district court, dismissing the appeal, with costs, was correct, and will, therefore, be affirmed; and it is so ordered.

SMITH, C. J., and FALL, J., concur.

COLLIER, J. (dissenting).—While concurring in the judgment of affirmance in this cause, I can not give my assent to the view of a majority of my brethren, overruling the motion to dismiss the appeal. Did this ruling involve nothing more than the mere form of bringing cases of the nature of the one at bar from the district courts to this court, it would have no other significance than the settling of a mere technical question, the record under our statute being examinable in this court the same by writ of error as by appeal. The reasoning, however, by which the result is reached, —that appeal does, and writ of error does not, apply to

the case at bar,—is fraught with consequences quite important. This case originated in the probate court, and thence it went by appeal to the district court. It is a statutory proceeding for the summary disposition by the probate judge of a creditor's claim against a decedent's estate, as to which there is provided for the claimant an election of two remedies,—one, appeal to the district court; the other, an action in said court to recover the claim,—but for the administrator merely the right of appeal. The alleged creditor in this case elected, upon the rejection of his claim, to appeal; and this court, holding that as, by such appeal, the case went to the "district court sitting as a court of equity," concludes that appeal, and not writ of error, is the mode to bring the same here. My dissent is therefore upon the view that the appeal from the probate court to the district court carried the case to said court, and made it there triable as an action at law, and reviewable here only by writ of error. Sess. Laws, 1891, p. 123, sec. 5.

If the opinion of the majority of my brethren is correct, then here we find a curious legislative anomaly, not to designate it by a less respectful name. For example, if there be two creditors of an estate, a grocer and a dry goods merchant, each presents his claim to the probate judge for allowance, and both claims are rejected. The grocer appeals, and goes to the equity side of the district court; and the dry goods merchant brings his action, and goes to the law side of the same court. The "equity" case is unique in that, though there is an adequate remedy at law, no demurrer will lie; and the law case unique in that, by the will of the plaintiff, an appeal can metamorphose it into a suit in equity, if the probate court be still in session. Pursuing this suggestion a step further, we find that the grocer gets his decree, and this court, on appeal, may

set it aside, because the weight of the evidence is the other way; while the dry goods merchant, having a verdict and judgment, overcomes plaintiff in error, because there is slight evidence to support the verdict. A further inconsistency exists in the fact that the creditor may elect for his demand to be tried by a court or a jury; while the administrator, having merely one remedy,—that of appeal,—is deprived of a jury. The vice found in the opinion of my brethren lies, I respectfully insist, in the fact that too much regard is paid to the supposed equitable nature of the proceeding in the probate court, and too little to the nature of the case itself. In Ferris v. Higley, 20 Wall. 375, it was decided that a territorial legislature could not confer jurisdiction in chancery and at common law on probate courts. Such courts are as devoid of chancery as of common law jurisdiction, and can be vested by our legislature with neither. As I understand the view of my brethren, it is held that, though a claim for indebtedness may be an action at law in the district court, the same claim is in the nature of a proceeding in equity, if brought in the probate court, because it is in the latter court part and parcel of the general administration of an estate, which is one of the recognized heads of equity jurisdiction. I must confess my inability to understand how it is that the probate judge, in summarily disposing of a creditor's claim against an estate, takes any more or any less part in the general administration of an estate than do a judge and jury if an action at law is brought on the claim in the district court. The proceeding is not in any way the settlement of an estate, but merely a statutory mode of adjudicating claims, with no more resemblance to a suit in equity than has a proceeding by attachment. By comparing the act of 1889 with section 562 of the Compiled Laws of New Mexico of 1884, it will be seen that demands of creditors against estates are omitted from

those matters in the administration of estates recognized as being equitable in their nature, and a method, purely statutory in character, is provided for their disposition in another portion of the act.     Acts, 1889, secs. 27–30, 48.     It seems to me that the general proposition that courts of equity in this country having succeeded to the jurisdiction vested in the spiritual courts of England makes everything done in the probate courts of an equitable character, and all actions therein proceedings in the nature of equity, is a non sequitur.     The lack of common law and chancery powers merely prevents the probate court from disposing of matters according to their nature. This inherent defect in the constitution of that court is of no further concern when the appellant comes into a jurisdiction clothed with the power to determine controversies in the appropriate methods their natures demand, especially when the trial is to be de novo, as our appeal statute provides.

In Lewis v. Baca, 5 N. M. 296, this court, by a unanimous opinion, held that where a claim of the nature we are here considering comes on appeal to the district court, to be tried de novo, it is tried as an action at law, because of the fact that in its nature it has no relation to a suit in equity.     This has been followed by the case of Gildersleeve v. Atkinson, 6 N. M. 255, which was tried as an action at law in the lower court, and brought here by writ of error, then conceded by all to apply only to a case at law, though appeals were allowed at that time both in suits in equity and actions at law.     As early as the year 1859, appeals in cases of this nature were triable by the jury as actions at law, as shown by the record in Spiegelberg v. Mink, 1 N. M. 308.     In Chaves v. Perea, 3 N. M. (Gil.) 93, an obiter dictum is found to the effect that an appeal such as this would go "to the chancery side of the district court."     That is the entire statement, and

it is directly opposed by the authoritative holding of this court in Lewis v. Bacà, supra, and the other cases cited.    In the case at bar the learned judge in the court below said: "The claim, as filed, amounts to, and should be considered as, a declaration in assumpsit,"— and, when he so considers it, this court holds there has been a trial in a "court of equity."    The "chancellor," following, however, his view, entered what is in form a judgment in an action at law, a jury being waived; and this court says, in effect, that it is a decree in equity.    I think it is unfortunate that in this case, where all agree that the decision of the court below should be affirmed on the merits, the practice as to trying such appeals in the district court must be overthrown just as it was about settled, and that it is held that a case of no equitable character whatever may be tried in an equity court, if plaintiff so elects.    It seems far more satisfactory and consistent that it should be held that cases on appeal from the probate court, which is a court as much devoid of chancery as of common law jurisdiction, should be tried in the district court as actions at law if their nature is such, and as suits in equity if they are of that character.    In further support of my view, I cite Johnston v. Shofner, 31 Pac. Rep. 254; Wilkes v. Cornelius, 28 Pac. Rep. 135.

My concurrence with the result arrived at on the merits of the appeal, I base on the finding of the court below that no sufficient corroboration, as required by section 2082 of the Compiled Laws of New Mexico, was made.

LAUGHLIN, J., concurs in this dissent.