782 P.2d 904

**Jerry MARTINEZ, Petitioner,**

v.

**DARBY CONSTRUCTION COMPANY
and Mountain States Mutual
Casualty Company, Respondents.**

**No. 18171.**

Supreme Court of New Mexico.

Nov. 21, 1989.

Montoya, Murphy, Kauffman & Garcia, Donald D. Montoya, Santa Fe, for petitioner.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Terry S. Kramer, Albuquerque, for respondents.

OPINION

SOSA, Chief Justice.

This case is before the Court on writ of certiorari to the court of appeals in which an opinion was entered reversing the decision of the Workers' Compensation Division to award benefits to Jerry R. Martinez (claimant). The opinion addressed the issue of timeliness of notice to the employer as required by NMSA 1978, Section 52–1–29 (Repl.Pamp.1987). In making its determination that the claimant failed to give timely notice, the court focused upon the standard of knowledge required by a worker and ruled that the claimant possessed sufficient recognition of the "probable compensable character of the injury" as of the day of the accident, June 10, 1986. On this basis the court concluded "[b]ecause he did not give his employer notice until almost six months later, he failed to comply with the thirty-day limitation of Section 52–1–29(A)."

In his petition, the claimant raises several issues concerning the Section 52–1–29 notice provision and the applicable standard of review. For the reasons set forth below, we reverse the ruling of the court of

appeals and reinstate the award of benefits as determined by the hearing officer.

The findings entered by the hearing officer reveal the claimant was employed by Darby Construction Company as a welder when, on June 10, 1986, the claimant suffered an accident while in the course and scope of his employment. The claimant was hit on the head with the shovel of a backhoe. During the period from the date of the accident until December 3, 1986, "when the claimant could no longer perform his job because of the original accident … and the eventual disabling pain caused thereby," he continued to work while performing all of the tasks of his job.

The record indicates on June 14, 1986, the claimant received a chiropractic examination and treatment for a cervical injury. He complained about slight pain in the neck, and headaches and dizziness when he turned his head. The diagnosis revealed the claimant had limited motion in the neck to the left side, slight limitation of motion in the thoracic spine, muscle tension bilaterally in the cervical, thoracic and lumbar regions of the spine, and slight pain into both arms upon lifting above the head. The claimant received a second treatment on September 13, and a third on December 12; no x-rays were taken during the course of these treatments. In his deposition, the health care provider stated his recommendation included cervical traction and therapy to the cervical region at least three times a week. The advice was rejected by the claimant who preferred to continue working. As stated by the practitioner, "[h]e indicated that he needed to be working because he was having a financial problem."

The claimant worked without absence from June 10 until December 3, 1986, and discussed the incident with no one. During this six-month period of time the claimant passed a mandatory welders' certification test in August 1986, despite the fact he had a "slight problem" with it due to the pain. At the time of the next certification test on December 3, the pain had worsened to the point that he was unable to successfully pass the test. On December 5 the claimant sought medical and emergency room treatment, and after an examination and x-rays, was found, to have a minimal disc protrusion of the cervical vertebrae at C5–6 and C6–7—a diagnosis consistent with that made by the first practitioner. He was advised to discontinue work and referred to medical specialists for treatment. The claimant did not return to work.

Darby Construction first learned of the claimant's injury on December 5 when hospital personnel contacted it regarding the claimant's visit. A December 22, 1986 letter by the claimant's attorney, the receipt of which was acknowledged on January 5, 1987, informed Darby Construction of the circumstances surrounding the claimant's injuries.

A claim for worker's compensation was filed on April 13, 1987. The hearing officer based the award of benefits upon the finding that "[i]t was not until December 3, 1986 that the Claimant knew or should have known the nature, seriousness and probable compensable character of his injury," thus commencing the thirty-day period in which to give written notice to the employer.

This appeal is governed by the whole record standard of review. *See Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n*, 101 N.M. 470, 477, 684 P.2d 1135, 1142 (1984); *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct.App.), *cert. denied*, 109 N.M. 33, 781 P.2d 305 (1988). This standard was recently addressed in *National Council on Compensation Insurance v. New Mexico State Corp. Commission*, 107 N.M. 278, 756 P.2d 558 (1988).

In *Duke City Lumber Co. v. New Mexico Environmental Improvement Board*, 101 N.M. 291, 681 P.2d 717 (1984), this Court held that for purposes of reviewing administrative decisions the substantial evidence rule is expressly modified to include whole record review. *Id.* at 294, 681 P.2d at 720. Under whole record review, the court views the evidence in the light most favorable to the agency decision, *Wolfley v. Real Estate Comm'n*, 100 N.M. 187, 668 P.2d 303

(1983), but may not view favorable evidence with total disregard to contravening evidence. *New Mexico Human Servs. Dep't v. Garcia,* 94 N.M. 175, 608 P.2d 151 (1980).

To conclude that an administrative decision is supported by substantial evidence in the whole record, the court must be satisfied that the evidence demonstrates the reasonableness of the decision. No part of the evidence may be exclusively relied upon if it would be unreasonable to do so. The reviewing court needs to find evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency.

*Id.* at 282, 756 P.2d at 562.

■ Accordingly, our review on certiorari, as on direct appeal, requires an independent examination of the entire record to determine whether substantial evidence exists to support the reasonableness of the hearing officer's decision to award benefits to the claimant. In other words, "[t]he focus of the review is on the decision of the administrative agency and this Court must make the same review of the [agency's] determination as [did] the [court of appeals]." *Groendyke,* 101 N.M. at 477, 684 P.2d at 1142. We ultimately must decide whether the court of appeals was correct in finding an absence of substantial evidence. *See* 107 N.M. at 282, 756 P.2d at 562.

In this case we believe the court of appeals misapplied the whole record standard of review by substituting its determination for that of the hearing officer because, when viewed in the appropriate manner, substantial evidence existed to support the reasonableness of the hearing officer's award of benefits, or, more specifically, the finding that December 3, 1986, was the date upon which the period for giving notice began to run. Alternatively stated, we believe the record contains evidence which reasonably could support the finding that the claimant knew, or should have known by the exercise of reasonable diligence, he was suffering a probable compensable injury by accident in the course of his employment no earlier than December 3, 1986.

The Worker's Compensation Act expresses the intention and policy of this state that employees who suffer disablement as a result of injuries causally connected to their work shall not become dependent upon the welfare programs of the state, but shall receive some portion of the wages they would have earned, had it not been for the intervening disability. *Casias v. Zia Co.,* 93 N.M. 78, 596 P.2d 521 (Ct.App.), *cert. denied,* 93 N.M. 8, 595 P.2d 1203 (1979). Our statutory provision, NMSA 1978, Section 52-1-29, which requires notice to an employer of a work-related accident and injury provides as follows:

A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty days after their occurrence; unless, by reason of his injury or some other cause beyond his control, the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty days after the occurrence of the accident.

B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence.

The purpose of this section is to enable the employer to investigate the facts and circumstances in order to protect against fictitious, simulated, or aggravated claims, *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 635, 593 P.2d 470 (Ct.App.1978); *Clark v. Duval Corp.,* 82 N.M. 720, 487 P.2d 148 (Ct.App.1971), and, if necessary, to allow the employer to provide medical care for the employee so as to speed his recovery. *Beckwith v. Cactus Drilling Corp.,* 84 N.M. 565, 505 P.2d 1241 (Ct.App. 1972), *cert. denied,* 84 N.M. 560, 505 P.2d 1236 (1973).

■ Although the hearing officer entered a finding that "[t]he employer had

actual notice of the accidental injury suffered by the Claimant within thirty (30) days of December 3, 1986," it is undisputed that Darby Construction had no actual knowledge of the accident prior to December 1986. Only the thirty-day notice provision of Section 59–1–29(A) is applicable to this appeal.

> This requirement means: "The period limited for this notice begins to run from the time the workman knows, or should know by the exercise of reasonable diligence, that he has sustained injury by accident in the course of his employment." *Montell v. Orndorff,* 67 N.M. 156, 353 P.2d 680 (1960). The knowledge of a workman with which this rule is concerned, is knowledge of a compensable injury. *Langley v. Navajo Freight Lines, Inc.,* 70 N.M. 34, 369 P.2d 774 (1962). "The period for written notice does not begin to run until [the claimant] is charged with such knowledge." *Rohrer v. Eidal Int'l,* 79 N.M. 711, 449 P.2d 81 (Ct.App.1968).

*Anaya v. Big Three Indus., Inc.,* 86 N.M. 168, 170, 521 P.2d 130, 132 (Ct.App.1974). That is, "the time for notice ... does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease." *Montell v. Orndorff,* 67 N.M. 156, 160, 353 P.2d 680, 682–83 (1960) (quoting 2 A. Larson, *Larson's Workmen's Compensation Law* at p. 260 [now vol. 2B, § 78.40 (1989)]). A compensable injury requires some legal disability or inability to perform work, *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 372, 610 P.2d 1199, 1201 (1980), as statutorily defined. *See* NMSA 1978, §§ 52–1–25, 52–1–26 (Repl.Pamp.1987). Therefore, for purposes of notice to the employer actual disability is not required but only that the claimant has knowledge, or with the exercise of reasonable diligence should have knowledge, that more likely than not he is impaired and unable, at least to some percentage extent, to perform work for which he is suited.

In *Sedillo v. Levi–Strauss Corp.,* 98 N.M. 52, 644 P.2d 1041 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982), the court of appeals held that the claimant was not disabled until approximately fifteen months after the occurrence of the accident during which time she was able to perform her regular duties. The issue presented was whether the date of disability, upon which the rate of compensation was to be based, occurred on the day of the accident or on the day the claimant was unable to get out of bed. The court, quoting *Cardenas v. United Nuclear Homestake Partners,* 97 N.M. 46, 49, 636 P.2d 317, 320 (Ct.App.1981), stated that " '[t]he concept of "compensable disability" intrinsic to our workmen's compensation law is that in order to be entitled to an award of compensation benefits a workman must not only suffer a physical impairment, but also be unable to perform work.' " Not unlike the present case, the claimant in *Sedillo* received limited medical treatment at one point during the fifteen month period of employment, but was not advised that she had suffered a compensable injury (disability). The court held that the claim for compensation was filed within the time limitation after the claimant knew or had reason to know she had suffered a compensable injury upon being advised by a health care provider.

Likewise, in *Langley v. Navajo Freight Lines, Inc.,* 70 N.M. 34, 369 P.2d 774 (1962), it was found that the first time the claimant realized he had suffered a compensable injury was when he consulted a health care provider approximately one month and five days after the alleged accident and immediately was hospitalized. *Cf. Sanchez v. City of Albuquerque,* 75 N.M. 137, 401 P.2d 583 (1965) (injury gradually progressed to compensability fourteen years after commencement of employment when claimant consulted doctor who first advised him to discontinue working, and when he first knew or should have known by exercise of reasonable diligence that he was suffering any compensable injury by accident in the course of his employment). While we recognize the issue in the present case concerns the time period in which to notify the employer, and not the time period in which to file a claim, this Court has

stated that "[t]he principles ... concerning the timeliness of claims ... apply with equal reason and force in considering the timeliness of notice of accident and injury." *Montell*, 67 N.M. at 161, 353 P.2d at 683–84.

There is no dispute that the claimant suffered neck pain following the June 10, 1986 accident. However, the evidence concerning his ability to perform his regular duties, albeit in pain, indicates that no special accommodations were made for the claimant. Nor is it suggested that he did less work or put in fewer hours after the accident than before. Despite the recommendation by the health care provider four days after the incident to schedule treatment visits, the claimant's belief that it was not until December that he had a probable compensable injury or disability (when he could no longer perform his duties and was advised to discontinue working and obtain medical treatment) is within the bounds of reason. Under these circumstances, the claimant, in the exercise of reasonable diligence, may not have possessed the requisite knowledge necessary to trigger the notice period until December 3, 1986, the last day he was able to perform his duties. Accordingly, the hearing officer could find that it was reasonable for the claimant to believe that so long as he was able to perform his regular welding duties, notice to the employer was unnecessary. Consequently, the December 22 letter constituted written notice to the employer of the accident and injury and was timely under Section 52–1–29(A).

Based upon the above, the decision of the hearing officer to award worker's compensation benefits to the claimant is hereby reinstated and the opinion of the court of appeals is reversed.

IT IS SO ORDERED.

RANSOM, MONTGOMERY and BACA, JJ., concur.