792 P.2d 1143
**Armando GOMEZ, Petitioner,**

v.

**B.E. HARVEY GIN CORP. and Employers Casualty Co., Respondents.**

**No. 19030.**

Supreme Court of New Mexico.

June 14, 1990.

Law Systems of Las Cruces, Thomas R. Figart, Las Cruces, for petitioner.

Miller, Stratvert, Torgerson & Schlenker, Leonard J. Padilla, Albuquerque, for respondents.

## OPINION

SOSA, Chief Justice.

■ The claimant, Armando Gomez, appeals from a disposition order of the Workers' Compensation Division denying him benefits for an accidental on-the-job injury. The hearing officer found that the claimant failed to give timely notice to his employer pursuant to NMSA 1978, Section 52-1-29 (Repl.Pamp.1987) (worker shall give notice of accident and injury in writing to employer within thirty days after their occurrence). The claimant unsuccessfully appealed to the court of appeals, which issued its memorandum opinion affirming the Division's denial of benefits. The whole record standard of review applies to our determination of whether the court of appeals was correct in affirming the decision of the hearing officer. *See Martinez v. Darby Const. Co.*, 109 N.M. 146, 148, 782 P.2d 904, 906 (1989).

The claimant submits the Division and the court of appeals misapplied the law set forth in *Martinez* regarding when a claimant should give notice of the accident and injury to the employer. He notes the failure of the hearing officer to enter a finding concerning when he (the claimant) knew or should have known that a compensable injury had been sustained.

The claimant injured his lower back on December 14, 1988, while working as a laborer at a cotton gin. The injury occurred as he operated a vacuum tube while in the process of unloading harvested cotton from a trailer. Despite the immediate onset of pain, he continued to work the rest of that day. During the evening hours he visited a hospital emergency room, complaining of back pain. The medical examination included an X-ray that purportedly revealed no abnormality. The emergency room doctor diagnosed the claimant as having a strained back, prescribed pain medication, and released him without restriction.

The claimant remained at home the following day due to his pain, but thereafter worked in continual pain at his regular job until January 27, 1989. Eventually the pain became so severe that he was admitted to the hospital on February 3rd at which time the X-rays showed an L–5, S–1 disc bulging. The date of the first notice to his employer of a claim of accidental injury was January 31, 1989.

The Division's hearing officer found that the claimant was injured as a result of the December 14, 1988 accident, and that the injury was accompanied by acute pain which necessitated one day off work on December 15th. The hearing officer concluded that the claimant was barred from recovery of benefits by his failure to provide notice to his employer within thirty days of the December 14th accident.

■ The time for giving notice begins to run when the employee knows, or should know by the exercise of reasonable diligence, that he has sustained a compensable injury. *Martinez,* 109 N.M. at 149, 782 P.2d at 907. This rule concerns the worker's knowledge of some legal disability or inability to perform work. *Id.* Actual disability is not required; only that more likely than not the worker is impaired and unable, at least to some percentage extent, to perform the job for which the worker is suited. *Id.* The period for written notice does not begin to run until the claimant is charged with such knowledge. *Rohrer v. Eidal Int'l,* 79 N.M. 711, 449 P.2d 81 (Ct. App.1968).

■ The quantum of knowledge necessary to trigger the thirty-day notice period requires a worker to recognize the nature, seriousness, and probable compensable character of the injury. *See Montell v. Orndorff,* 67 N.M. 156, 160, 353 P.2d 680, 682–83 (1960). As discussed in *Martinez,* this recognition may become apparent to a worker only after loss of the capability to perform regular duties, notwithstanding the fact that some time has elapsed from the date of the original incident during which the worker was able to perform usual tasks while experiencing pain. *See, e.g., Sedillo v. Levi–Strauss Corp.,* 98 N.M. 52, 644 P.2d 1041 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982) (issue was whether date of disability occurred on day of accident or on day claimant was unable to get out of bed).

■ Generally, when back pain is suffered, one usually assumes—and hopes, it will get better. In this case, the claimant returned to work two days after the accident and worked for nearly a month and a half. Under these circumstances it is difficult to say that he knew or should have known that he had a compensable injury during this period. Unlike the claimant in *Martinez,* the claimant here had not received a recommendation from a health care provider that he should seek out medical treatment for the injury. The initial X-ray indicated no abnormality. After January 27th, when the pain prevented him from returning to work on a regular basis, the claimant realized for the first time he had suffered a compensable injury. The claimant's belief in this regard is within the bounds of reason. We do not believe these facts support a finding that the claimant knew or should have known he had a disabling, compensable injury before January 27th. Accordingly, the notice given to the employer on January 31st was timely and workers' compensation benefits should have been granted.

This conclusion is in accord with the legislative intent as set out in NMSA 1978, Section 52–5–1 (Cum.Supp.1989). As stated therein, the specific intent of the legislature is that benefit claims cases are to be decided on their merits and not be subject to the common law rule of liberal construction, which was grounded in the supposed remedial nature of workers' benefits legislation. In other words, Section 52–5–1 calls for a balanced and evenhanded construction of the Workers' Compensation Act. *See Jensen v. New Mexico State Police,* 109 N.M. 626, 628, 788 P.2d 382, 384 (Ct. App.), *cert. denied,* 109 N.M. 563, 787 P.2d 1246 (1990). Our assessment of when it was reasonable, under these circumstances, for the claimant to possess adequate knowledge of the nature of his injury in order to provide timely notice to the em-

ployer demonstrates this balanced and ev-enhanded approach. The merits of this case compel the result reached.

Therefore, based upon the above discussion, the opinion of the court of appeals is reversed, and the cause remanded to the Workers' Compensation Division with instruction to enter an order granting appropriate benefits to the claimant.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.