878 P.2d 1014

**William J. FLINT, Claimant–Appellant,**

v.

**TOWN OF BERNALILLO, Employer, and New Mexico Self–Insurers' Fund, Insurer, Respondents–Appellees.**

**No. 14719.**

Court of Appeals of New Mexico.

June 16, 1994.

Certiorari Denied July 27, 1994.

William A. L'Esperance, Albuquerque, attorney for claimant-appellant.

Randy S. Bartell, Randy S. Bartell, P.C., Santa Fe, for respondents-appellees.

## OPINION

DONNELLY, Judge.

Claimant appeals from the Workers' Compensation Judge's order denying his claim for compensation benefits. The sole issue presented on appeal is whether the Judge erred in determining that Claimant failed to give timely notice to Employer of his work-related injury giving rise to his claim for workers' compensation benefits. We reverse and remand.

### FACTS

On May 28, 1986, while performing his duties as a police officer, Claimant witnessed a woman shoot herself. Following the incident, Claimant continued with his official duties; however, in the ensuing years, Claim-

ant began experiencing a pattern of problems at home and work.

After the shooting incident Claimant began to have communication problems and frequent arguments with his wife. In 1987 Claimant and his wife began marriage counselling. Claimant testified that he never thought to mention the shooting incident during counselling sessions, and none of the counselling professionals connected any problem he may have had to the shooting incident. Claimant and his wife separated in 1987 and divorced in 1989. Claimant began seeing another woman after his divorce and again experienced relationship problems. He and his girlfriend later attended counselling sessions together; however, eventually this relationship also failed. He described himself as short-tempered and easily flustered.

In addition to the personal problems Claimant experienced, he began having difficulty at work. He was twice disciplined by Employer in 1988, once for failing to properly secure a holding cell door and once for unreasonably detaining a motorist who was trying to get his son to the hospital. In 1989 he was disciplined for failing to properly investigate an incident. The following year he was again disciplined, this time for damaging a breath-alcohol testing machine. Claimant testified that at the time of these occurrences he attributed his mistakes to simple negligence.

Claimant received a series of psychological examinations in 1990 in order to test his fitness for continuing to work as a police officer. The doctor who administered the tests did not give any indication to Claimant that he was suffering from any kind of a mental problem. The doctor reported to Employer that Claimant was fit for duty.

During the time Claimant was employed as a police officer, he was also a member of the New Mexico National Guard. He was called to service for the Gulf War on December 12, 1990. He was sent to the Middle East and worked in security at a military base where he was responsible for guarding against attacks. While in the Middle East, he began to have recurring dreams concerning the 1986 shooting incident. Claimant also testified that after returning to the United States in March 1991 and resuming his duties as a police officer, his work-related disciplinary problems became worse.

On September 9, 1991, Employer placed Claimant on administrative leave. On or about September 17, 1991, Claimant went to the Veterans Administration Medical Center in Albuquerque for counselling. At that time, he was first diagnosed as suffering from post-traumatic stress disorder (PTSD) as a result of his witnessing the 1986 shooting incident. Dr. Gustavo M. Okrassa, the psychiatrist who diagnosed Claimant's PTSD, indicated that in his opinion Claimant's condition was caused by the 1986 shooting incident, and that his Gulf War service made Claimant's condition much worse. Claimant testified that the PTSD diagnosis answered a lot of questions he had concerning the pattern of problems in his life following the shooting incident. He stated that, "in retrospect," it was evident to him that his problems began in 1987 or 1988.

Claimant provided written notice of his claim to Employer on November 12, 1991, and a formal claim was filed with the Workers' Compensation Administration on January 21, 1992. Claimant also argues that actual notice of his claim was given to Employer in September 1991.

Following a formal hearing, the Judge dismissed Claimant's claim on the basis that Claimant failed to give timely notice to his Employer. Although the written order dismissing Claimant's claim does not specify the factual basis underlying her determination that Claimant's notice to Employer was untimely, the Judge indicated orally at the hearing that, in her opinion, Claimant should have given notice to Employer when his problems initially began affecting his work duties, in 1987 or 1988.

## DISCUSSION

Claimant argues the Judge erred in determining that notice should have been given to Employer prior to the time Claimant learned he was suffering from PTSD. Specifically, Claimant contends that he could not reasonably give notice to his Employer that he had sustained a work-related injury until after he

became aware of the diagnosis of PTSD in September 1991.

*STANDARD OF REVIEW*

We review the Judge's decision as to the timeliness of notice under the whole record standard of review; in conducting such review, evidence both favorable and unfavorable to the decision is considered. *See Bryant v. Lear Siegler Management Servs. Corp.,* 115 N.M. 502, 504, 853 P.2d 753, 755 (Ct. App.), *cert. denied,* 115 N.M. 535, 854 P.2d 362 (1993). If evidence exists which a reasonable mind would accept as adequate to support the decision reached, the decision will not be disturbed. *See Herman v. Miners' Hosp.,* 111 N.M. 550, 552, 807 P.2d 734, 736 (1991). In applying the whole record standard of review, we do not reweigh the evidence, substitute our judgment for that of the Judge, or consider whether the evidence is sufficient to support a contrary finding. *Bryant,* 115 N.M. at 504, 853 P.2d at 755.

*SUFFICIENCY OF EVIDENCE*

██ For an accident to warrant workmen's compensation benefits, the employer must be given notice of the accident within the statutory period. *Herndon v. Albuquerque Pub. Sch.,* 92 N.M. 635, 639, 593 P.2d 470, 474 (Ct.App.), *cert. denied,* 92 N.M. 79, 582 P.2d 1292 (1978). Our Supreme Court has stated that the time period in which notice of a claim must be given begins when the worker recognizes or should recognize the "nature, seriousness, and probable compensable character of the injury." *Gomez v. B.E. Harvey Gin Corp.,* 110 N.M. 100, 102, 792 P.2d 1143, 1145 (1990); *see also* 2B Arthur Larson, *The Law of Workmen's Compensation* § 78.41(d) (1994). Therefore, in the case of a latent injury, the worker must give notice only after he knows or should know, by exercise of reasonable diligence, that he incurred a compensable injury. *Hammond v. Kersey,* 83 N.M. 430, 431, 492 P.2d 1293, 1294 (Ct.App.1972).

██ Claimant challenges the sufficiency of the evidence supporting the Judge's finding that Claimant knew or should have known the nature, seriousness, and probable compensable character of his injury when his injury first began interfering with his work. After considering the evidence of record, we agree with Claimant that substantial evidence does not support the Judge's decision that Claimant knew or should have known he had a compensable injury prior to the time he was first diagnosed with PTSD.

Although the record indicates that Claimant was aware that he had emotional and behavioral problems prior to the time he was diagnosed with PTSD, the record does not support a finding that he knew or should have known that the problem was work-related, or of the "probable compensable character" of his injury until he was diagnosed as suffering from PTSD. *See Gomez,* 110 N.M. at 102, 792 P.2d at 1145; *see also Sedillo v. Levi–Strauss Corp.,* 98 N.M. 52, 54, 644 P.2d 1041, 1043 (Ct.App.) ("An uneducated worker is not charged with medical knowledge 'which apparently transcends that possessed by the attending physician.'" (quoting *Duran v. New Jersey Zinc Co.,* 83 N.M. 38, 39, 487 P.2d 1343, 1344 (1971))), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982); *cf. Brown v. Safeway Stores, Inc.,* 82 N.M. 424, 426, 483 P.2d 305, 307 (Ct.App.1970) (held not unreasonable for worker to fail to connect his leg problems to a prior back injury, where only person who reasonably could make the connection was an orthopedic surgeon).

Other jurisdictions that have considered similar notice questions involving PTSD in the workers' compensation context have reached similar results. *See Henry v. Industrial Comm'n,* 157 Ariz. 67, 69–70, 754 P.2d 1342, 1344–45 (1988) (en banc); *Borough of Norwood v. Workmen's Compensation Appeal Bd.,* 114 Pa.Commw.Ct. 157, 538 A.2d 143, 145 (1988); *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 99 (Tenn.1993); *but cf. Teal v. Department of Employment Servs.,* 580 A.2d 647, 650–52 (D.C.1990) (untimely notice of PTSD not excused where Claimant knew stress was a problem when he resigned and should have connected his injury to the stressful working conditions he was subjected to at work).

In *Borough of Norwood,* employer argued that the worker (a police officer) knew or should have known of the relationship between his injury and his employment prior to the time the worker's PTSD was diagnosed

because of the problems the worker experienced following the incident which caused his condition. *Id.,* 538 A.2d at 145. In rejecting employer's argument, the court stated: *"We will not attribute psychiatric expertise to the layman who knows only generally that something is wrong with him. [PTSD] is not an obvious or common place injury apparent to the ordinary claimant." Id.* (emphasis added); 2B Arthur Larson, *supra* § 78.41(d) (A worker "should be expected to display no greater diagnostic skill than any other uninformed layperson confronted with the early symptoms of a progressive condition."). Similarly, as observed by Professor Larson in discussing the time period for filing a worker's compensation claim:

[U]nder the third component of the test, the claim period does not run until the claimant has reason to understand not only the nature and gravity of the injury but its relation to employment. Even though the claimant knows he or she is suffering from some affliction, this knowledge is not enough to start the statute if its compensable character is not known to claimant.

2B Arthur Larson, *supra* § 78.41(f).

We believe a similar rationale is applicable here. *See Trujillo v. City of Albuquerque,* 116 N.M. 640, 644, 866 P.2d 368, 372 (Ct. App.) (finding will be set aside if reviewing court cannot conscientiously say that the evidence supporting the finding is substantial under whole record standard of review), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993). We agree with Claimant that he could not reasonably be expected to know that he suffered from a compensable injury until September 17, 1991, the date he was first diagnosed with PTSD, and the connection between his psychological injury and his employment was established. *See Gomez,* 110 N.M. at 102, 792 P.2d at 1145.

*APPLICABLE LAW*

Claimant further contends that because he learned of his diagnosis of PTSD on September 17, 1991, the 1991 version of the Workers' Compensation Act, NMSA 1978, Section 52–1–29 (Repl.Pamp.1991) (Effective January 1, 1991) [hereinafter Section 52–1–29] is the applicable law governing the requirement of notice of accidents. *See Herman,* 111 N.M.

at 552 n. 1, 807 P.2d at 736 n. 1 (The law to be applied in a Workers' Compensation proceeding is that "in effect at the time the cause of action accrued, i.e. when the employee knew or should have known of the existence of a compensable injury."); *see also Strickland v. Coca–Cola Bottling Co.,* 107 N.M. 500, 502, 760 P.2d 793, 795 (Ct.App.), *cert. denied,* 107 N.M. 413, 759 P.2d 200 (1988). Under Section 52–1–29(A), a worker is required to

give notice in writing to his employer of the accident within fifteen days after the worker knew, or should have known, of its occurrence.... No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence. [Emphasis added.]

Section 52–1–29(B) discusses an employer's duty of posting notices concerning giving notice of accidents, and provides in applicable part:

B. Each employer shall post, and keep posted in conspicuous places upon his premises ... a notice that advises workers of the requirement specified in Subsection A ... to give the employer notice in writing of an accident within fifteen days of its occurrence.... *The failure of an employer to post the notice required in this subsection shall toll the time a worker has to give the notice in writing specified in Subsection A of this section up to but no longer than the maximum sixty-day period.* [Emphasis added.]

Because Claimant was first apprised that he suffered from PTSD following the diagnosis made in 1991, we agree that the 1991 statutory notice provision governs Claimant's obligation to give notice in the instant case. *See* § 52–1–29.

*FACTUAL ISSUE AS TO TIMELINESS OF NOTICE*

Claimant was first advised that he was suffering from PTSD on or about September 17, 1991. Claimant gave written notice of this injury to Employer on November 12, 1991. Thus, unless (1) Employer failed to

post the notice required under Section 52–1–29(B), or (2) Employer is determined to have had actual notice of the accident, the notice given by Claimant on November 12, 1991, fails to satisfy the time requirements of Section 52–1–29. Claimant alternatively argues that Employer had actual notice of his injury, or that because Employer failed to post the proper notice, he gave timely written notice within the sixty-day time limit prescribed by Section 52–1–29(B). He does not contend that he was precluded by reason of his injury or that there were matters beyond his control which prevented him from giving the required notice. *See* § 52–1–29(A). Since these issues were not addressed at the prior hearing, on remand, the Judge should determine whether Employer had actual notice or whether Employer complied with the applicable requirements for posting.

We also address a related issue bearing on the timeliness of Claimant's notice to Employer. At the prior hearing, the Judge did not reach the issue of whether Employer complied with the posting requirements of Section 52–1–29(B) because the Judge ruled that this issue had not been properly pleaded or preserved. At the prior hearing, Claimant attempted to present his own testimony bearing on the issue of whether Employer purportedly had failed to post notice as required by Section 52–1–29(B). Employer's attorney, however, objected to such testimony on the basis that Claimant had failed to notify Employer that a claim would be made concerning its failure to post the required notice. The Judge sustained the objection and allowed Claimant to make a tender of proof. We think it was error to exclude this evidence.

The pretrial order, signed by the Judge and both parties to this proceeding, indicates that Claimant listed Employer's alleged failure to post notice as an issue in the case. The pretrial order also stated that Claimant would testify concerning this issue. The pretrial order states that Claimant was to be called as a witness and that he was going to testify about "[a]ll matters including nonposting of [workers' compensation] notice [and] forms." Thus, we believe the testimony was relevant and admissible. *See Morrow v. Coo-*

*per*, 113 N.M. 246, 250, 824 P.2d 1048, 1052 (Ct.App.1991) (pretrial order controls the course of subsequent proceedings and is intended to eliminate unfair surprise). On remand the Judge should permit the introduction of relevant evidence from both parties concerning the issue of posting.

*CONCLUSION*

We reverse the Judge's determination that Claimant should have given notice to Employer at the time Claimant's problems first were interfering with his work, and we remand for further proceedings consistent with the matters set forth in this opinion.

IT IS SO ORDERED.

ALARID and BLACK, JJ., concur.