This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEAN DICKENS,**

Worker-Appellee,

v.                                                    NO.   32,016

**RUSH TRUCK CENTERS OF
NEW MEXICO, INC. and
HARTFORD INSURANCE
CO. OF THE MIDWEST, c/o
SPECIALTY RISK SERVICES,**

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
David L. Skinner, Workers' Compensation Judge**

Michael F. Hacker
Albuquerque, NM

for Appellee

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Kimberly A. Syra
Lindsay E. Ruska
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Rush Truck Centers of New Mexico, Inc. and Hartford Insurance Co. of the Midwest, c/o Speciality Risk Services (collectively, Employer) appeal from the Workers' Compensation Judge's (WCJ) ruling that Dean Dickens (Worker) is entitled to medical benefits and temporary disability benefits. [RP Vol.II/259] Our notice proposed to affirm, and Employer filed a memorandum in opposition. We remain unpersuaded by Employer's arguments and therefore affirm.

In Issues 1 and 2, Employer continues to argue that Worker failed to give adequate notice of a work-related compensable injury. *See* NMSA 1978, § 52-1-29(A) (1991) (providing that workers "shall give notice in writing to [their] employer of the accident within fifteen days after the worker knew, or should have known, of its occurrence"). Employer maintains that Worker had notice of a work-related accident by December 10, 2008, the date that Dr. Valley-Mahomed's records indicate that Worker wanted to pursue a workers' compensation claim in regards to his lung disease. [DS 4; RP 232, 235; MIO 2-3] Employer accordingly argues that the fifteen-day time frame for giving notice ran from December 10, 2008, rather than March 29, 2010, and that Worker's notice [RP 263; DS 7] was therefore untimely.

As provided in our notice, although Worker in December of 2008 may have suspected that his pulmonary condition was in some manner related to his work [MIO 2], every healthcare provider (HCP) that examined, evaluated, and treated Worker between roughly June 11, 2008, and March 29, 2010, informed Worker that his pulmonary condition was not caused by or related to any workplace exposures. [RP 258, 262] Given this, we agree with the WCJ that during this time frame it would be unreasonable to ascribe knowledge (as opposed to Worker's suspicion) to Worker relating his pulmonary condition and workplace exposure when the doctors themselves had not yet made the connection. *See Sedillo v. Levi-Strauss Corp.*, 98 N.M. 52, 54, 644 P.2d 1041, 1043 (Ct. App. 1982) (recognizing that a worker is not charged with medical knowledge "which apparently transcends that possessed by the attending physician" (internal quotation marks and citation omitted)). Instead, we agree with the WCJ that Worker knew or reasonably should have known that his lung condition was the result of work on March 29, 2010, when Dr. Sood first related his lung condition to workplace exposures. [RP 258, 261, 263] Because Worker had provided Employer with both actual and written notice that he had suffered a compensable injury on February 4, 2009, [RP 258, 263; DS 7] we agree that Worker satisfied the fifteen-day notice requirement of Section 52-1-29(A). Thus, under our whole record standard of review as to the timeliness of the notice, *see Flint v. Town*

*of Bernalillo*, 118 N.M. 65, 67, 878 P.2d 1014, 1016 (Ct. App. 1984), we affirm the WCJ's ruling that Worker gave adequate notice of a work-related compensable injury.

In Issue 3, Employer continues to argue that the WCJ erred in failing to make a specific finding regarding whether Worker was credible when the medical testimony was based on Worker's statements. [DS 7-9; MIO 3] As we explained in our notice, although the WCJ did not make a specific enumerated finding regarding Worker's credibility, [RP 260-64] the WCJ did in the body of the compensation order specifically state that "[m]y overall sense was that Worker was a credible witness during the formal hearing process." [RP 255] In our view, this satisfies any requirement, to the extent even required [MIO 4] that the WCJ specifically assess Worker to be a credible witness. We note further that, while the WCJ acknowledged that "it is impossible to reconcile the various histories Worker has provided to the [HCPs]," [RP 255] the WCJ referenced Worker's testimony that he suffers from dissociative identity disorder as an explanation for inconsistencies in the histories Worker provided to his HCPs. Under our whole record standard of review, *see Easterling v. Woodward Lumber Co.*, 112 N.M. 32, 37, 810 P.2d 1252, 1257 (Ct. App. 1991), we do not disturb WCJ's assessment of the evidence and of Worker's credibility.

4

In Issue 4, Employer continues to argue that the WCJ erred in determining that Worker's lung condition was causally related to his work. [DS 8; MIO 5-6] *See generally* NMSA 1978, § 52-1-28(B) (1987) (holding that causal connection between accident and disability must be shown by expert testimony of a health care provider). The issue of causation is a factual question which is determined by the WCJ in workers' compensation cases. *Ortiz v. Overland Express*, 2010-NMSC-021, ¶ 24, 148 N.M. 405, 237 P.3d 707. We review the factual findings of the WCJ utilizing a whole record standard of review. *Id.* While Drs. Porter and Fisher did not believe that Worker's condition was causally related to his work, [RP 254, 256] it was within the WCJ's prerogative to instead rely on Dr. Sood's opinion that Worker's pulmonary condition was causally related to his work. [RP 254] *See Bufalino v. Safeway Stores, Inc.*, 98 N.M. 560, 565, 650 P.2d 844, 849 (Ct. App. 1982) (stating that an appellate court will not disturb a WCJ's resolution of conflicting medical testimony regarding causation). We accordingly affirm the WCJ's determination that Worker's condition was causally related to his work.

In conclusion, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

5

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**